317 So.2d 126 (1975)
ELI EINBINDER, INC., a Florida Corporation, and Rosa Brothers Wholesale Meats, Inc., Appellants,
v.
MIAMI CRYSTAL ICE CO., a Florida Corporation, Appellee.
No. 74-977.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Rehearing Denied September 11, 1975.
Kramer & Telander, Miami, Burnett Roth, Miami Beach, for appellants.
Melvin A. Rubin, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellants, defendants in the trial court, appeal an adverse final judgment entered in favor of the plaintiff in this action for recovery of rent.
Miami Crystal Ice Co., appellee herein, owned and operated a cold storage and refrigeration plant. Through its president and owner, John Manos, appellee corporation for many years orally had leased refrigeration facilities to Eli Einbinder, Inc. and Rosa Brothers Wholesale Meats, Inc., *127 the appellants herein. In 1969 the health of John Manos began to deteriorate sharply and Mr. Manos could no longer oversee the maintenance of the plant which was in poor condition. Hence, in November of that year, the appellants accepted the responsibility for the maintenance and operation of their leased premises. Monies advanced by appellants therefor were to be credited against and deducted from the monthly rentals owing to the appellee corporation. At approximately the same time, appellants purchased from the appellee five vacant lots in order to construct their own plant.
No cash rental having been received since May 1970 by the appellee, its attorney in September 1970 wrote to the appellant tenants and requested documentation of the monies which they had expended in maintaining and operating the plant. He further threatened court action if appellants did not comply with this request. Shortly thereafter, appellee's attorney in November 1970 sent the following letter to the appellants:
"I am sure you appreciate that it has been many months since Mr. John Manos has received any revenue at all from the premises which you have occupied at the above address. Taxes on the property are due and there are many other expenses, with the building not producing any money. The only alternatives which Mr. Manos appears to have are to increase the rents on the property or to close it down completely and eliminate all future expenses.
"Accordingly, you are hereby notified that the rental due to Miami Crystal Ice Co., Inc. for the premises which you occupy shall be $2,000.00 per month beginning on 1 January 1971. Your rental checks for the month to month tenancy should be in the hands of John Manos no later than the first of each month. You may deduct up to one-half to pay for current expenses in running the plant  such as the salary of engine room employees and equipment repairs which have the specified approval of John Manos. No credit will be allowed for such expenses unless documented with paid invoices and cancelled checks, or just the checks in the care of the employees. If the rental is not paid, it will be necessary to terminate all occupancy of the building and close it."
Mr. Manos died in February 1971 and appellants alleged that prior thereto, he told them to disregard the rental increase. In March 1971 plaintiff's attorney sent to the appellants another letter wherein he requested documentation of the expenses of the maintenance and operation of the plant from the period covering September 1970 through March 1971, documentation previous thereto having been received.
Subsequently, on July 12, 1971 appellee served on the appellants a notice to vacate by July 31, 1971 and further informed them that any holding over would result in a doubling of the rent pursuant to Fla. Stat. § 83.06. Appellee then simultaneously filed respective complaints in the civil court of record and the circuit court for eviction and for delinquent rents due. Proceedings were stayed in the circuit court pending the outcome of the eviction action in the civil court which on October 8, 1971 entered an agreed order directing the defendant-appellants to vacate the leased premises no later than October 15, 1971. In the meanwhile, answers and counterclaims were filed in the circuit court by the appellants. In September 1972 and again in November 1973, the circuit court, sua sponte, filed motions to dismiss for failure to prosecute pursuant to RCP 1.420(e). However, in both instances after hearing oral argument thereon, the court denied the motions. A non-jury trial finally was held in February 1974 and on March 19, 1974 the court entered a final judgment for plaintiff for $19,192.07 against the defendant Eli Einbinder, Inc. and for $10,949.77 against the defendant Rosa Brothers Wholesale Meats, Inc. The defendants *128 filed motions for rehearing which were heard and then denied. This appeal followed.
Defendant-appellants for the first contention on appeal argue that the trial court erred in not dismissing plaintiff's complaint for failure to prosecute pursuant to RCP 1.420(e).
A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion and this heavy burden must be borne by the losing party, i.e. the defendants in the case at bar. Popkin v. Crispen, Fla.App. 1968, 213 So.2d 445.
After hearings on both motions, the trial judge determined that there was sufficient activity and/or good cause shown and based thereon entered the orders denying the motion to dismiss. We find that the record amply supports this determination of sufficient activity and good cause shown due to the serious illness of plaintiff's attorney. Cf. Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221 and Chrysler Leasing Corporation v. Passacantilli, Fla. 1972, 259 So.2d 1. Thus, we cannot say that the trial judge abused his discretion and, therefore, this point on appeal must fail.
Appellants secondly contend that the trial court erred in finding that they were tenants at will from month to month and further permitting a statutory doubling of rent as a result of their holding over. Defendant-appellants hereunder claim that they had a valid partially performed oral lease with the plaintiff. Nevertheless, more than a preponderance of the evidence is required to establish an oral contract; the evidence must be clear, full and free from suspicion. See Trickey v. Stone, Fla. App. 1963, 152 So.2d 748; Shell's City, Inc. v. Westerman, Fla.App. 1972, 257 So.2d 276. The record in the case sub judice reflects that appellants did not sustain their burden in that they failed to establish with specificity the commencement and termination dates of the alleged oral yearly lease. More important, the record further reflects that appellant tenants did not question or dispute the reference to their occupancy of the leased premises as a tenancy for month to month in the November 1970 letter which was sent by plaintiff's attorney.
Thus, we find that the trial judge was eminently correct in finding that (1) the appellants were tenants at will from month to month, and (2) plaintiff properly terminated the tenancy, and then permitting a statutory doubling of rent for wrongfully holding over. See §§ 83.01, 83.03, 83.06 and Sill v. Smith, Fla.App. 1965, 177 So.2d 265.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.