339 So.2d 626 (1976)
In re THE FLORIDA BAR, RULES OF CIVIL PROCEDURE.
No. 49249.
Supreme Court of Florida.
August 25, 1976.
On Rehearing November 5, 1976.
As Modified December 13, 1976.
Edward J. Atkins, President, for The Florida Bar, Miami, Theodore J. Babbitt, Chairman, West Palm Beach and Robert C. Scott, Immediate-Past Chairman, Fort Lauderdale, for the Civil Procedure Rules Committee, petitioner.
Henry P. Trawick, Jr., Sarasota.
PER CURIAM.
Appended to this order are amended and new rules which govern all proceedings within their scope after 12:01 a.m., January 1, 1977.
All conflicting rules and statutes are hereby superseded, and any statute not superseded shall remain in effect as a rule promulgated by the Supreme Court.
The committee notes are not adopted by the Court.
It is so ordered.
*627 OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG, and HATCHETT, JJ., concur.

APPENDIX

RULE 1.020. COURT ADMINISTRATION.
 (f) Duty to rule within a reasonable time. It shall be the
duty of every judge to rule upon and announce his order or
judgment on every matter submitted to him within a reasonable
time. Each judge shall maintain a log of cases he holds under
advisement and advise the chief judge of his circuit at the end
of each calendar month of each case which he has held under
advisement for more than sixty days.
 (g) Neglect of duty. The failure of any judge, clerk,
prosecutor, public defender, court reporter, or other officer of
the court to comply with an order or directive of the chief judge
shall be considered neglect of duty and shall be reported to the
chief justice of the supreme court. The chief justice may report
such neglect of duty by a judge to the Judicial Qualifications
Commission or such neglect of duty by other officials to the
Governor of Florida, as may be appropriate.
RULE 1.030. ATTORNEYS.
 (a) Pleadings to be signed by attorney. Every pleading and
other paper of a party represented by an attorney shall be signed
by at least one attorney of record in his individual name whose
address and telephone number (including area code) shall be
stated and who shall be duly licensed to practice law in Florida.
He may be required by order of court to vouch for his authority
to represent and to give the address of such party. Except when
otherwise specifically provided by these rules or an applicable
statute, pleadings as such need not be verified or accompanied by
affidavit. The signature of an attorney shall constitute a
certificate by him that he has read the pleading or other paper;
that to the best of his knowledge, information and belief there
is good ground to support it and that it is not interposed for
delay. If a pleading is not signed or is signed with intent to
defeat the purpose of this rule, it may be stricken and the
action may proceed as though the pleading or other paper had not
been served.
 (b) Party not represented by attorney to sign. A party who
has no attorney but represents himself shall sign his pleading or
other paper and state his address and telephone number (including
area code).
Committee Note: Subdivisions (a)-(b) have been amended to
require the addition of the filing party's telephone number on
all pleadings and papers filed.
RULE 1.080. SERVICE OF PLEADINGS AND PAPERS.
 (a) Service; When Required. Unless the court otherwise
orders, every pleading subsequent to the initial pleading and
every other paper filed in the action, except applications for
witness subpoena, shall be served on each party. No service need
be made on parties against whom a default has been entered,
except that pleadings asserting new or additional claims against
them shall be served in the manner provided for service of
summons.
 (h) Service of orders.
 (1) A copy of all orders or judgments shall be transmitted by
the court or under its direction to all parties at the time of
entry of the order or judgment. No service need be made on
parties against whom a default has been entered except orders
setting a cause for trial as prescribed in Rule 1.440(c) and
final judgments that shall be prepared and served as provided in
subdivision (h)(2). The court may require that orders or
judgments be prepared by a party and may require that proposed
orders or judgments be furnished to all parties before entry by
the court of the order or judgment.
Committee Note: The amendment made to this rule on July 26,
1972 [See In re The Florida Bar: Rules of Civil Procedure, 265 So.2d 21
(Fla. 1972)], was intended according to the Committee
Notes "[t]o assure that all parties had an opportunity to see the
proposed
*628 form [of order] before entry by the court." [Id. at 23]. This
change followed on the heels of the 1971 amendment, which the
Committee felt had been confusing.
 Two changes have been made to subdivision (h)(1), which have
resulted in a wholesale redrafting of the rule. First, the
provision requiring the submission of proposed orders to all
counsel prior to entry by the court has been deleted, any
inaccuracies in an order submitted to the court being remediable
either by the court's own vigilance or later application by an
interested party. Secondly, the rule now requires that conformed
copies of any order entered by the court must be mailed to all
parties of record in all instances (and to defaulted parties in
two specified instances), for purposes of advising them of the
date of the court's action as well as the substance of such
action. Nothing in this new rule is meant to limit the power of
the court to delegate the ministerial function of preparing
orders.
RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION.
 (b) Notice of Examination. General Requirements; Special
Notice; Non-Stenographic Recording; Production of Documents and
Things; Deposition of Organization.
 (4) Upon motion, the court shall, subject to the provisions of
Rule 1.280(c), order that the testimony at a deposition be
recorded on video tape and may order that the testimony at a
deposition be recorded by other than stenographic means at the
initial cost of the movant. The order shall designate the manner
of recording, preserving and filing the deposition and may
include other provisions to assure that the recorded testimony
will be accurate and trustworthy. A party may nevertheless
arrange for a stenographic transcription at his own initial
expense. The court may adopt a standard order governing the use
of video tape depositions which may be automatically applicable
upon the giving of notice of taking any video tape deposition
unless modified upon the application of any party.
Committee Note: Subdivision (b)(4) has been amended to allow
the taking of a video tape deposition as a matter of right.
Provisions for the taxation of costs and the entry of a standard
order are included as well. This new amendment allows the
contemporaneous stenographic transcription of a video tape
deposition.
RULE 1.340. INTERROGATORIES TO PARTIES.
 (e) Form. The interrogatories shall be so arranged that a
blank space shall be provided after each separately numbered
interrogatory. The space shall be reasonably calculated to enable
the answering party to insert the answer within the space. If
sufficient space is not provided, the answering party may attach
additional papers with answers and refer to them in the space
provided in the interrogatories. The original of the
interrogatories and a copy shall be served on the party to whom
the interrogatories are directed and copies on all other parties
as provided in Rule 1.080. There shall be filed with the court as
provided in Rule 1.080(d) only an executed certificate of service
or an attached notice that the interrogatories have been served,
giving date of service, the number of interrogatories served, and
the name of the party to whom they were directed. When the
original interrogatories have been completed by the answering
party, they shall be filed and copies served as provided in Rule
1.080.
RULE 1.410. SUBPOENA.
 (c) Service. A subpoena may be served by any person
authorized by law to serve process or by any other person who is
not a party and who is not less than eighteen years of age.
Service of a subpoena upon a person named therein shall be made
by delivering a copy thereof to such person and by tendering to
him the fee for one day's attendance and the mileage allowed by
law. Proof of such service shall be made by affidavit of the
person making service if not served by an officer authorized by
law to do so.
*629 RULE 1.420. DISMISSAL OF ACTIONS.
 (e) Failure to Prosecute. All actions in which it appears on
the face of the record that no activity by filing of pleadings,
order of court or otherwise has occurred for a period of one year
shall be dismissed by the court on its own motion or on motion of
any interested person, whether a party to the action or not,
after reasonable notice to the parties, unless a party shows good
cause in writing, at least five days before the hearing on the
motion, why the action should remain pending. Mere inaction for a
period of less than one year shall not be sufficient cause for
dismissal for failure to prosecute.
Committee Note: Subdivision (e) has been amended to prevent the
dismissal of an action for inactivity alone unless one year has
elapsed since the occurrence of activity of record. Non-record
activity will not toll the one year time period.
RULE 1.431. TRIAL JURY.
 (e) Exercise of challenges. All challenges shall be addressed
to the court outside the hearing of the jury in a manner selected
by the court so that the jury panel is not aware of the nature of
the challenge, the party making the challenge, or the basis of
the court's ruling on the challenge, if for cause.
 (f) Alternate jurors.
 (1) The court may direct that one or two jurors be impaneled to
sit as alternate jurors in addition to the regular panel.
Alternate jurors in the order in which they are called shall
replace jurors who have become unable or disqualified to perform
their duties before the jury retires to consider its verdict.
Alternate jurors shall be drawn in the same manner, have the same
qualifications, be subject to the same examination, take the same
oath, and have the same functions, powers, facilities and
privileges as principal jurors. An alternate juror who does not
replace a principal juror shall be discharged when the jury
retires to consider the verdict.
 (2) If alternate jurors are called, each party is entitled to
one peremptory challenge for each alternate juror in addition to
those otherwise allowed. The additional peremptory challenge may
be used only against the alternate jurors and the other
peremptory challenges allowed shall not be used against the
alternate jurors.
 (g) If a party believes that grounds for legal challenge to a
verdict exists, he may move for an order permitting an interview
of a juror or jurors to determine whether the verdict is subject
to the challenge. The motion shall be served within ten days
after rendition of the verdict unless good cause is shown for the
failure to make the motion within that time. The motion shall
state the name and address of each juror to be interviewed and
the grounds for challenge that the party believes may exist.
After notice and hearing, the trial judge shall enter an order
denying the motion or permitting the interview. If the interview
is permitted, the court may prescribe the place, manner,
conditions, and scope of the interview.
Committee Note: Subdivision (e) has been added to establish a
procedure for challenging jurors without members of the panel
knowing the source of the challenge to avoid prejudice.
Subdivision (f) is a renumbering of the previously-enacted rule
regarding "Alternate jurors."
 Subdivision (g) has been added to establish a procedure for
interviewing jurors. See also Canons of Professional
Responsibility DR 7-108.
RULE 1.440. SETTING CASE FOR TRIAL.
 (c) Setting for Trial. If the court finds the action ready to
be set for trial, it shall enter an order fixing a date for
trial. Trial shall be set not less than thirty days from the
service of the notice specified in subdivision (b). By giving the
same notice, the court may set an action for trial on its own
motion. In law actions in which the damages are not liquidated,
the order setting an action for trial shall be served on parties
who are in default in accordance with Rule 1.080(a).
*630 RULE 1.510. SUMMARY JUDGMENT.
 (c) Motion and proceedings thereon. The motion shall state
with particularity the grounds upon which it is based and the
substantial matters of law to be argued and shall be served at
least twenty days before the time fixed for the hearing. The
adverse party may serve opposing affidavits prior to the day of
hearing. The judgment sought shall be rendered forthwith if the
pleadings, depositions, answers to interrogatories and admissions
on file together with the affidavits, if any, show that there is
no genuine issue as to any material fact and that the moving
party is entitled to a judgment as a matter of law. A summary
judgment, interlocutory in character may be rendered on the issue
of liability alone although there is a genuine issue as to the
amount of damages.
Committee Note: Subdivision (c) has been amended to require a
movant to state with particularity the grounds and legal
authority which he will rely upon in seeking summary judgment.
This amendment will eliminate surprise and bring the summary
judgment provision in conformity with the identical provision in
Rule 1.140(b) with respect to motions to dismiss.
RULE 1.630. SCIRE FACIAS.
 This rule is hereby deleted.
FORM 1.917. NE EXEAT.
 WRIT OF NE EXEAT
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of the State:
 YOU ARE COMMANDED TO detain the defendant ____ and require
him to give bond in the sum of $ ____ payable to the Governor of
Florida and his successors in office conditioned that the
defendant will answer plaintiff's pleading in this action and
will not depart from the state without leave of court and will
comply with the lawful orders of this court, with sureties to be
approved by the clerk of this court. If the defendant does not
give the bond, he shall be taken into custody and be confined in
the ____ County jail until he gives the bond or until further
order of this court. If the defendant does not give the bond, he
shall be brought before a judge of this court within twenty-four
hours of his confinement.
 WITNESS my hand and the seal of this Court on ____, 19__.
 (Name of Clerk)
 As Clerk of the Court
 By ____________
 As Deputy Clerk
Committee Note: See Attorney General's Opinion 076-13.