343 So.2d 1325 (1977)
Irving WALDMAN and North Miami General Hospital, Appellants,
v.
Harry FRANKEL, As Administrator of the Estate of Mary Frankel, Deceased, and Harry Frankel, Individually, Appellees.
No. 76-2166.
District Court of Appeal of Florida, Third District.
March 29, 1977.
Hastings & Goldman and Samuel Z. Goldman, Miami Beach, for appellants.
Michael L. Lechtman, Miami, for appellees.
Before HENDRY, C.J., and HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
Defendants appeal an order denying their motions to dismiss for failure to prosecute.
*1326 On January 16, 1969 plaintiffs, Mary (now deceased) and Harry Frankel, filed a malpractice action against defendant-appellants, Dr. Irving Waldman and North Miami General Hospital, Inc. The cause was set down for trial on September 9, 1974; however, prior thereto, on September 5 plaintiffs filed a motion for continuance, and their attorney filed a motion for leave to withdraw. These motions were granted on September 13. On September 5, 1975 Stephen Hertz as attorney for plaintiffs filed a notice of appearance along with a set of interrogatories directed to defendant Dr. Waldman. After a lapse of almost one year, plaintiffs on September 2, 1976 filed a motion to compel answers to interrogatories but omitted any notice of hearing thereon. On September 8 Dr. Waldman and North Miami General filed motions to dismiss for failure to prosecute pursuant to Fla.R. Civ.P. 1.420(e). On September 10 plaintiffs filed a notice of hearing on their September 2 motion to compel. After several hearings on the motions to dismiss for failure to prosecute and the filing of memoranda of law with respect thereto, the trial judge denied these motions to dismiss and defendants appeal the order of denial. We affirm.
A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion and this heavy burden rests with the losing party, in this case the defendants. Popkin v. Crispen, 213 So.2d 445 (Fla. 4th DCA 1968); Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla. 3d DCA 1975). Furthermore, judicial restraint should be practiced in the court's inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having their cause adjudicated. Popkin v. Crispen, supra.
Turning to the instant case, we find that plaintiffs' motion to compel answers to interrogatories constituted sufficient record activity. See, e.g. Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972). In addition, defendant Dr. Waldman's failure to answer the interrogatories attributed to the delay in bringing this cause to trial. Cf. Grossman v. Segal, 270 So.2d 746 (Fla. 3d DCA 1972).
No abuse of discretion has been demonstrated by the defendants and, therefore, the order denying their motions to dismiss is affirmed.
Affirmed.