347 So.2d 1074 (1977)
Sara DOUGLAS and Judith Douglas, Appellants,
v.
Arneda EIRIKSSON, Appellee.
No. CC-409.
District Court of Appeal of Florida, First District.
June 30, 1977.
Rehearing Denied August 4, 1977.
*1075 Robert P. Gaines of Beggs & Lane, Pensacola, for appellants.
J. LaDon Dewrell of Dewrell & Kessler, Fort Walton Beach, for appellee.
BOYER, Chief Judge.
The issue raised by this appeal is whether the trial court erred in denying the Douglases' motion to dismiss Mrs. Eiriksson's case for lack of prosecution. The motion was based on Fla.R.Civ.P. 1.420(e) which provides:
"All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion."
Mrs. Eiriksson filed her complaint on September 26, 1973, alleging that she was injured in an automobile accident that occurred some three years earlier. The Douglases filed their answer, various depositions were taken, and Mrs. Eiriksson filed her answer to an interrogatory asking for a list of expenses. Over one year later, the Douglases filed their motion to dismiss for lack of prosecution which the trial court denied after a hearing. A jury trial resulted in a verdict and final judgment in favor of Mrs. Eiriksson.
A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion. Eli Einbinder, Inc. v. Miami Crystal Ice Company, 317 So.2d 126 (Fla. 3d DCA 1975). Just as there is a strong presumption of correctness in favor of an order of a trial court relative to a motion to set aside a default (Brown v. Vasiliades, 344 So.2d 1325 (Fla. 1st DCA 1977)) there is a similar presumption of correctness applicable to the granting or denial of a motion to dismiss for lack of prosecution. Eli Einbinder, Inc. v. Miami Crystal Ice Company, supra. Sub judice, the Douglases have not overcome the presumption of correctness in favor of the action of the trial judge. Physical disability has been found to justify a failure to bring a case to trial, whether the disability occurs to the plaintiff (Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1 (Fla. 1972)) or to plaintiff's attorney. (Eli Einbinder, Inc. v. Miami Crystal Ice Company, supra.)
We have considered the points raised by Mrs. Eiriksson in her cross-assignments of error and have found them to be without merit.
Accordingly, the final judgment is
AFFIRMED.
ERVIN, J., concurs.
MILLS, J., dissents.
MILLS, Judge, dissenting:
I dissent.
The record shows that Mrs. Eiriksson did not prosecute her case for more than one year prior to the filing of the motion to dismiss. She contends, however, that she had good cause for her failure to prosecute. Her reasons were:
"1. The Plaintiff has since August, 1974 experienced continued medical problems resulting from injuries sustained in the accident and has undergone mylogram (sic) examination, has been hospitalized in Baptist Hospital in Pensacola, Florida in November, 1974, and is still undergoing treatment by Dr. Gerald E. Belue, of Valparaiso, Florida. That Dr. Belue recently referred her to Dr. Spivey, and orthopedic specialist in Fort Walton Beach.
2. That the nature and extent of her medical disability has not been determined and the cause is, therefore, not ready for trial.

*1076 3. Further, Plaintiff's ability to obtain medical treatment is severely impaired by her financial condition and failure on her part to tender payment for her medical expenses. Plaintiff is employed as a nurse and is the sole support of herself and three minor sons."
The reasons given by Mrs. Eiriksson do not constitute good cause. The hospitalization of unstated duration in November 1974 occurred ten months before the motion to dismiss was filed. Four years and eleven months after the accident in which she was injured, Mrs. Eiriksson is still receiving medical treatment. She gives no reason why treatment is continuing nor when it might terminate. Her physicians are unable to find out what is wrong with her and whether she has a disability. She makes no showing, however, that her physicians will be able to do this at any future date. Mrs. Eiriksson, a nurse, contends her ability to obtain medical treatment is impaired by her financial condition. She does not state what her financial condition is nor that physicians refuse to treat her because of her inability to pay them. Mrs. Eiriksson does not state when or if her financial condition will improve to the extent that she can obtain medical treatment. In fact, Mrs. Eiriksson contradicts herself when she states that she is still receiving medical treatment and immediately says her ability to obtain medical treatment is severely impaired by her financial condition.
Where good cause is not shown why an action should remain pending, it should be dismissed. Koppers Company, Inc. v. Victoire Development Corporation, 284 So.2d 193 (Fla. 1973).
I would reverse and remand for dismissal by the trial court.