386 So.2d 812 (1980)
Gwendolyn BARNES, Appellant,
v.
Dr. Patricia ROSS and the Ladies Center of South Florida, Inc., Appellees.
No. 79-1028.
District Court of Appeal of Florida, Third District.
July 1, 1980.
Rehearing Denied July 31, 1980.
*813 William N. Hutchinson, Jr., Fort Lauderdale, for appellant.
Lanza, Sevier & Womack, Coral Gables, for appellees.
Before SCHWARTZ, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Gwendolyn Barnes' personal injury action was dismissed by the trial court for lack of prosecution.[1] This ruling of the trial court was made under the authority of Florida Rule of Civil Procedure 1.420(e), which provides:
"(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending... ."
*814 Barnes contends that she made the requisite showing of good cause and that dismissal of her action was error. We agree.
The year during which Barnes took no action expired on April 10, 1979. At the hearing on the defendants' motion to dismiss,[2] it indisputably appeared that Barnes' attorney, a single practitioner, was seriously injured in an automobile accident on September 19, 1978; that the injuries required him to be hospitalized on two separate occasions for a total of five weeks; and that, as a result of the injury, he was unable to engage in the active practice of law for a period of four months.[3]
Physical disability of a plaintiff or plaintiff's attorney constitutes good cause justifying a trial court's refusal to dismiss under Rule 1.420(e), Florida Rules of Civil Procedure. Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla. 3d DCA 1975); Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977)[4]; accord, Chrysler Leasing Corporation v. Passacantilli, 259 So.2d 1 (Fla. 1972). See also Thorn v. Borough of Clearfield, 420 Pa. 584, 218 A.2d 298 (1966) (in which the court reversed a denial of a petition to open a judgment, stating "Appellants in this case should not be denied their day in court because of the diminished health of their counsel. Appellants had no way of knowing this case was not being diligently prosecuted and should not be made to suffer because of the health of their attorney." 218 A.2d at 299).
The question we must address is whether the physical disability in the present case constitutes sufficient good cause justifying our overturning the trial court's ruling that it does not. In light of the fact that a single record act is sufficient to defeat a motion to dismiss for lack of prosecution, it is clear that almost total inactivity is countenanced under the rule. See, e.g., Flack v. Kuhn, 277 So.2d 593 (Fla. 4th DCA 1973); Waldman v. Frankel, 343 So.2d 1325 (Fla. 3d DCA 1977); Hahn v. First National Bank of Delray Beach, 345 So.2d 345 (Fla. 4th DCA 1977). There appears to us no sound reason why the liberality a court accords to good cause should differ from the liberality a court accords to record activity. We hold that a disabling injury or illness which prevents a party's attorney from engaging in a one-person law practice for one-third of the year during *815 which an action is pending constitutes good cause to preclude dismissal under Rule 1.420(e), Florida Rules of Civil Procedure.[5]
Reversed.
NOTES
[1] Barnes filed a notice of appeal from the trial court's order granting the defendants' motion to dismiss. Such an order is not final and not appealable. Donnell v. Industrial Fire & Casualty Company, 378 So.2d 1344 (Fla. 3d DCA 1980); Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978). We thereafter remanded the case to the trial court for the entry of an appropriate final order. The trial court's order dismissing Barnes' action has now been entered and the premature notice of appeal vests us with jurisdiction. Williams v. State, 324 So.2d 74 (Fla. 1975); W.B.D., Inc. v. Howard Johnson Company, 382 So.2d 1323 (Fla. 1st DCA 1980).
[2] Barnes contends that she was given insufficient notice of the hearing preventing her from showing good cause in writing at least five days before the hearing, as the rule requires. It appears, however, that Barnes fully responded in writing and the trial court ruled on the merits. Accordingly, we need not consider this point. Industrial Trucks of Florida v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977).
[3] Additionally, Barnes attempted to show activity during the one-year period in the nature of unreturned phone calls by her attorney to defendant's counsel. Since the rule's amendment in January 1977, In re Florida Bar, Rules of Civil Procedure, 339 So.2d 626, 629 (Fla. 1976), only activity on the face of the record will automatically preclude a dismissal for failure to prosecute. Non-record activity may, however, constitute good cause to avoid such a dismissal. American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); F.M.C. Corporation v. Chatham, 368 So.2d 1307 (Fla. 4th DCA 1979). While it is doubtful that the non-record activity in the present case would constitute a compelling reason to avoid dismissal, we do not decide that issue.
[4] Neither the length nor severity of the illness is stated in Einbinder. In Douglas, the extent of the medical problem of the plaintiff was undetermined and the length of the hospitalization unstated by the plaintiff. It has been said that a temporary illness will not satisfy the good cause requirement. See Grossman v. Segal, 270 So.2d 746 (Fla. 3d DCA 1972). The length of the temporary illness in Grossman is not stated. However, it is clear from the opinion that the unnamed affliction did not occur until one day before the expiration of the one-year period. The rationale for this dictum in Grossman is that the one-year period by itself allows sufficient time for readjustment to a minor calamity. Apart from recognizing the general principle that illness and physical disability can constitute good cause, these decisions furnish little guidance to a trial court. The "presumption of correctness" which we are compelled to give to trial court decisions becomes a hollow phrase if, in the name of that presumption, we place our imprimatur on decisions which dismiss for lack of prosecution, and on decisions which do not, when the underlying "good cause for illness" showing may be stronger in the case of the dismissed action.
[5] In fairness to the trial judge, we note that his decision was made within the vague parameters given to him by existing case law.