492 So.2d 1082 (1986)
Manuel C. DIAZ, Individually and As the Father of Diana Margarita Diaz, a Minor; Manuel C. Diaz and Emilia Beatriz Diaz-Fox, As Trustees and/or Legal Guardians for Diana Margarita Diaz, Barbara Diaz, Individually and As the Mother of Diana Margarita Diaz, Appellants/Cross-Appellees,
v.
The PUBLIC HEALTH TRUST OF DADE COUNTY, D/B/a Jackson Memorial Hospital; Madleene M. Sawyer, M.D.; Tilo Gerhardt, M.D.; George Bikajzi, M.D.; Steven Goldman, M.D.; Cedars of Lebanon Health Care Center, D/B/a Cedars of Lebanon Hospital; Antonio Lopez-Vega, M.D.; M. Jo. D'Sullivan, M.D.; and R.N. Goldberg, M.D., Appellees, and
The University of Miami, Appellee/Cross-Appellant.
No. 85-1499.
District Court of Appeal of Florida, Third District.
June 3, 1986.
Rehearing Denied August 4, 1986.
*1083 Emilia Diaz-Fox, for appellants/cross-appellees.
Thornton, David & Murray and Kathleen M. O'Connor, Miami, for appellees Public Health Trust of Dade County, George Bikajzi, M.D., and Tilo Gerhardt, M.D.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, for appellee Cedars of Lebanon Hosp.
Fowler, White, Burnett, Hurley, Banick & Strickroot and T. Michael Kennedy, Miami, for appellee/cross-appellant The University of Miami.
No appearance for appellees Madleene M. Sawyer, M.D., Steven Goldman, M.D., Antonio Lopez-Vega, M.D., M. Jo. D'Sullivan, M.D. and R.N. Goldberg, M.D.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is from an order of the trial court which dismissed a medical malpractice action pursuant to Florida Rule of Civil Procedure 1.420(e) for failure to prosecute. The University of Miami cross-appeals from the denial of its motion for summary judgment on statute of limitations grounds.
Plaintiffs/appellants instituted the action on April 11, 1983, one day before the statute of limitations would expire, but did not attempt to serve the defendants with process or undertake any record activity to further the claim. On April 11, 1984, one year later, the trial court issued a notice to the parties that the action would be dismissed unless the plaintiffs showed good cause why it should remain pending. In response plaintiffs' counsel filed a "showing of good cause" and argued to the court that she was physically disabled, owing to a pregnancy, for "50% of the period of record nonactivity." She further stated that the file was released to three law firms specializing in medical malpractice litigation, at different times, for their opinions as to the merits of the case, and that the file was not returned to her for several months.
On May 14, 1984, the court entered an order staying entry of a dismissal and granted plaintiffs an extension of time within which to obtain service on the defendants. Two additional extensions were granted in June and August, 1984. In September, 1984, some seventeen months after the complaint was filed, all the defendants were finally served.
Four of the individually named physicians filed motions to quash service of process. The Public Health Trust of Dade County, Florida filed a motion to dismiss on grounds of insufficiency of service of process and lack of subject matter jurisdiction. Cedars of Lebanon Hospital filed a motion to dismiss on statute of limitations grounds, which was denied. The University *1084 of Miami and two other physicians filed answers to the complaint. Defendants then began discovery.
On December 17, 1984, the University filed a motion for summary judgment which alleged that the statute of limitations had run and that there was a failure of diligent prosecution. Two other defendants filed identical motions. On April 24, 1985, the trial court, treating the University's motion for summary judgment as a renewed motion to dismiss for lack of prosecution, entered an order vacating its earlier order which had stayed entry of an order of dismissal, and dismissed the cause, nunc pro tunc, for lack of prosecution.
Plaintiffs' chief challenge to the order of dismissal is on grounds that a nunc pro tunc order cannot be used by the court to make a correction where there is simply a change of mind on a legal ruling without any mistake of fact. We need not linger on the point as the nunc pro tunc language was superfluous. The applicable and dispositive principle is that the trial court had the authority to vacate its interlocutory orders upon sufficient grounds at any time before final judgment. Whitaker v. Wright, 100 Fla. 282, 129 So. 889 (1930); Margulies v. Levy, 439 So.2d 336 (Fla.3d DCA 1983); Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970).
Plaintiffs' second issue is whether the claimed disability of their counsel, caused by pregnancy, which continued for 50% of the period of nonrecord activity, constituted good cause for failure to prosecute. As this court observed in Barnes v. Ross, 386 So.2d 812, 814 n. 4 (Fla.3d DCA 1980), apart from recognizing the general principle that illness and physical disability can constitute good cause, the collected decisions furnish little guidance to the court as to the length or severity of illness that must be shown. The presumption of correctness which ordinarily attaches to the trial court's grant or denial of a motion to dismiss for lack of prosecution, Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA), cert. denied, 353 So.2d 674 (Fla. 1977); Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla.3d DCA 1975), appears to conflict with the equally compelling principle that judicial restraint should be practiced in the exercise of the court's inherent power to dismiss an action for want of prosecution so that the case can be adjudicated on its merits. Waldman v. Frankel, 343 So.2d 1325 (Fla.3d DCA 1977); Popkin v. Crispen, 213 So.2d 445 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 748 (Fla. 1969). The courts have resolved the conflict by applying the principle which favors adjudication of a case on its merits to ease the burden on a party appealing an order dismissing an action for failure to prosecute, as compared to the heavier burden which must be carried where an appeal is taken from an order denying a motion to dismiss for failure to prosecute. Cf. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla.3d DCA 1981) (citing Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977)) (principle of liberality places heavier burden on party seeking to reverse an order granting a motion to vacate default than on party seeking to reverse an order denying the motion).
In Barnes v. Ross we held that where an attorney, a single practitioner, was seriously injured in an automobile accident which required him to be hospitalized for a total of five weeks and prevented him from engaging in the active practice of law for four months, there was a sufficient showing of disability so as to preclude dismissal for failure to prosecute. Using the Barnes length of disability as a guide, accepting counsel's uncontradicted testimony that her pregnancy prevented her from practicing law for approximately six months, and applying what is common knowledge that pregnancy, birth and recuperation may preclude a full-time devotion to the practice of law for at least four months, a result the same as that reached in Barnes is only arguably sustainable. If the trial court had dismissed the action in the first instance, there is little probability that plaintiffs, on the record before us, could have *1085 demonstrated that the court clearly abused its discretion.[1]
Our disposition of the case turns on another point. We hold that the trial court abused its discretion in waiting eleven months before vacating its order staying the dismissal and dismissing the action, based on no new supportive evidence. During that eleven-month hiatus plaintiffs' counsel relied on the original ruling and furthered the cause by serving the defendants. After the defendants were served, and responded with motions and discovery, plaintiffs became exposed to liability for attorney's fees and costs pursuant to section 768.56, Florida Statutes (1983). The trial court's dismissal of the action, following an eleven-month postponement of a decision on the motion to dismiss, during which period the plaintiffs, with the court's permission, served the defendants, prosecuted the action and thereby became exposed to additional costs, constituted an unfair exercise of discretion.
By cross-appeal from the denial of the motion for summary judgment on statute of limitations grounds, defendant the University contends that plaintiffs could not stay the running of the statute by merely filing a complaint on the last day before the period for filing would expire, where service on the defendants was delayed for an unreasonable length of time. Szabo v. Essex Chemical Corp., 461 So.2d 128 (Fla. 3d DCA 1984), which defendant suggests should be revisited, is controlling. There we held that an action was commenced with the filing of a complaint, Fla. R.Civ.P. 1.050, which tolled the statute of limitations notwithstanding that there was no service of process on the defendants until some twenty months later. Delayed service of process raises a legal question of due diligence in prosecuting the claim or may raise equitable issues. However, Szabo, by which we are bound, holds that a protracted delay in service of process, where a complaint is otherwise timely filed, does not raise a statute of limitations question.
We do not reach any of the issues which are the subject of other pending motions.
The order of dismissal is REVERSED; the order denying the motion for summary judgment, which is the subject of the cross-appeal, is AFFIRMED.
BASKIN, Judge (specially concurring).
Florida Rule of Civil Procedure 1.420(e) requires dismissal of an action if no record activity has occurred for a period of one year unless a party presents written good cause why the action should remain pending. The majority indicates that appellant's counsel's pregnancy constituted good cause for her failure to prosecute. I disagree. Pregnancy alone, without complications, is not a physical disability. A review of the record reveals no evidence of complications which might have prevented counsel from attending to appellant's cause. An examination of the unsworn showing of good cause for failing to advance the case discloses that the pregnancy was cited to the trial court merely as an afterthought.
I agree with the result reached by the majority, however, because it is premised on another ground. A ruling on a motion for dismissal for failure to prosecute may be disturbed if it constitutes an abuse of discretion. Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744, 746 (Fla. 3d DCA 1977); Douglas v. Eiriksson, 347 So.2d 1074, 1075 (Fla. 1st DCA), cert. denied, 353 So.2d 674 (Fla. 1977); Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126, 127 (Fla. 3d DCA 1975). The trial court's belated dismissal, causing appellant to advance the action unnecessarily, constituted such an abuse of discretion.
NOTES
[1] We do not hold, as a matter of law, that counsel's pregnancy constituted good cause for failure to prosecute.