519 So.2d 14 (1987)
Joann SCHLAKMAN, Appellant,
v.
HELLIWELL, MELROSE & DeWOLF, a Partnership, Douglas S. Lyons and Jorden Melrose & Schuette, P.A., a Professional Association, Appellees.
No. 86-2974.
District Court of Appeal of Florida, Third District.
November 3, 1987.
As Corrected December 15, 1987.
Storace & Lupino and James Lupino, Miami, for appellant.
Lisa Bennett, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL PEARSON, JJ.
*15 PER CURIAM.
The appellant seeks review of a final order dismissing her complaint for lack of prosecution.
On May 5, 1977, the appellant was allegedly, severely and permanently injured when she slipped and fell at a Burger King restaurant. The appellees undertook the representation of the appellant's claim against Burger King but allegedly failed to settle or institute litigation within the Statute of Limitations time period, causing the appellant to lose her cause of action. On January 26, 1984, the appellant filed a legal malpractice action against the appellees through her attorney L. Joseph Hoffman, who later withdrew from the case. On April 25, 1985, the appellant filed a Notice of Appearance on her own behalf. Subsequently, in May of 1985, the appellant's file was turned over to another law firm which eventually decided in September of 1985 that the firm would not be able to handle the case. Throughout this entire time period, the appellant continued to be periodically bedridden due to her injuries as a result of her fall at Burger King, as well as a thyroid condition. On May 27, 1986, the appellee filed a motion to dismiss for lack of prosecution to which the appellant responded, alleging that due to the severity of her injuries she was completely dependent upon her attorneys. The appellee's motion to dismiss was granted by the trial judge. We reverse.
Physical disability of a plaintiff or plaintiff's attorney constitutes good cause, justifying a trial court's refusal to dismiss for failure to prosecute under Rule 1.420(e), Florida Rules Civil Procedure. Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980); Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977); Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla. 3d DCA 1975). Although the degree of the disability required in order to constitute good cause for the trial court to retain the cause on the court's calendar is unclear, the collective decisions have resolved this question in favor of adjudicating a case on its merits. Therefore, the trial court abused its discretion and the order dismissing the appellant's claim should be reversed.
Reversed.