MINER, Judge.
This case comes before us on appeal of the circuit court’s order of dismissal for failure to prosecute. We affirm the order of dismissal.
On December 8, 1989, appellant, Frances Wirth, filed a complaint alleging negligence in the maintenance of appellees’ Kenneth and Linda McGurns’ business premises resulting in a December 10, 1985, trip and fall accident in which it is alleged appellant suffered injury to her mouth, teeth and jaw. On December 20, 1989, appellees/de-fendants were served with appellant’s/plaintiff’s complaint. After receipt of the complaint, a representative of appel-lees’ insurer contacted appellant’s attorney on a number of occasions in an attempt to obtain documentation of appellant’s claim. The parties agreed that appellees would be given an indefinite extension of the time allowed for filing a responsive pleading until provided with medical records documenting the claim. On June 27, 1990, appellees were advised that medical documentation would be provided upon appellant’s return to Florida.
On July 1, 1990, the cause was reassigned to the Honorable James L. Tomlin-son, Circuit Judge. Judge Tomlinson issued an Order to Advise of Status dated August 10, 1990. On August 23, appellees responded to the court’s order, and on August 31, 1990, appellant responded to the order. Appellees’ response acknowledged contact between a representative of appel-lees and counsel for appellant on four occasions between December 20, 1989 and June 27, 1990, concerning the production of medical records from appellant in Chicago. Appellees acknowledged that no responsive pleading or appearance of counsel had been made in the cause. Appellant’s response to *239 the court’s order indicated that appellant moved to Chicago due to the illness of her sister, and that appellant was undergoing extensive oral surgery there. Appellant also acknowledged the agreement waiving the time requirement for filing a responsive pleading until receipt by appellees of medical records which should be forthcoming in “a few weeks.” In fact, no such medical records were delivered to appel-lees.
On January 2, 1991, appellees filed a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(e), alleging that “no activity has occurred as a matter of record” for more than one year. Appellant responded to the motion for involuntary dismissal and a hearing was scheduled for March 12, 1991. Appellant’s response to the motion indicated that appellant attempted to settle the claim prior to filing the complaint, that appellees refused to acknowledge liability or pay any medical expenses, that appellant had no medical insurance, was compelled to move to Chicago due to family illness, and that appellant was seeking diagnosis and treatment through providers of health care to indigents in Illinois. On March 6, 1991, appel-lees filed a memorandum and reply to appellant’s response, and an affidavit of insurance adjuster Jeff May. Mr. May’s affidavit acknowledges receipt of some medical records prior to institution of suit, and denies receipt of other medical records. Appellant received appellees’ memorandum and affidavit on the day of the hearing and the trial court, after hearing argument on the motion to dismiss, took the matter under advisement and gave appellant an opportunity to respond to the memorandum and affidavit prior to ruling on the motion to dismiss. On March 22, 1991, appellant responded to appellees’ memorandum.
On April 5, 1991, the trial court entered an order granting without prejudice appel-lees’ motion to dismiss.[1]
On appeal, appellant claims that the trial court abused its discretion in granting the motion for dismissal for failure to prosecute for the following reasons: (1) appel-lees should have been deemed equitably estopped from moving for dismissal; (2) there existed sufficient record. activity within one year prior to the filing of the motion to preclude dismissal; and, (3) there existed sufficient nonrecord activity within one year prior to the filing of the motion to constitute “good cause” to preclude dismissal. We reject appellant’s arguments.
We find the doctrine of equitable estoppel inapplicable to the present facts.
The essential elements of estoppel are:
(1) a representation by the party es-topped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon. Home Ins. Co. ex rel. White’s Imports, Inc. v. Small, 389 So.2d 1255, 1257 (Fla. 1st DCA 1980); Davis v. Evans, 132 So.2d 476, 481 (Fla. 1st DCA 1961), cert. denied, 136 So.2d 348 (Fla.1961).
First Southern Ins. Co. v. Ocean State Bank, 562 So.2d 798, 800 (Fla. 1st DCA 1990).
In the present case, appellees made no representation to appellant which appellant could reasonably construe as a waiver of her obligation to prosecute the case in conformity with Florida Rule of Civil Procedure 1.420(e). The only noteworthy representation of record is appellant’s waiver of the normal time requirement for filing of a responsive pleading. Such waiver, prompted by appellant’s inability to compile the medical documentation essential to her claim, should not be construed to give rise to a nonexistent “representation” by appel-lees of a waiver of the time requirements of Rule 1.420(e). In fact, appellees made no such representation, and appellant was *240 not relieved of the requirements of the rule.
Second, the record contains no activity which is sufficient to preclude dismissal under Rule 1.420(e). The only record activity between the time of the filing of the complaint and the filing of appellees' motion to dismiss was the circuit court’s memorandum transferring the cause to a new judge and the court’s Order to Advise of Status and the responses thereto. That record activity sufficient to preclude dismissal must be of a type which:
not only substantially furthered the prosecution of the case but, also, was initiated by a party to the action or by a court order entered in response to a party’s notice or motion that advanced the cause.
Nelson v. Stonewall Ins. Co., 440 So.2d 664 (Fla. 1st DCA 1983). In the present case, however, the reassignment of the case to a new judge and the parties’ responses to the court's Order to Advise of Status had no significant effect on the furtherance of the prosecution of the case. Thus, dismissal was not precluded by this record activity.
Third, we note that the standard articulated above applicable to record activity is also applicable to nonrecord activity.
Nonrecord activity sufficient to preclude dismissal under Rule 1.420(e) is activity that substantially furthers the prosecution of the case, and is initiated by a party or by the court in response to a party’s notice or motion that advanced the cause. Nelson v. Stonewall Insurance Company, 440 So.2d 664 (Fla. 1st DCA 1983). The good cause which will avoid dismissal for failure to prosecute must include contact with the opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines. Norflor Construction Corporation v. City of Gainesville, 512 So.2d 266, 267 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla.1988).
Togo’s Eatery of Florida v. Frohlich, 526 So.2d 999, 1002 (Fla. 1st DCA 1988).
Stated alternatively:
[T]he standard in determining whether particular nonrecord activity constitutes good cause must be set high, and a party must now show a compelling reason to avoid dismissal where there has been no record activity.
American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863, 865 (Fla.2d DCA 1980) (footnote omitted).
In the present case, although there was nonrecord contact between the parties or their representatives, such activity did nothing to substantially advance the cause toward resolution. Rather, the parties’ agreement to waive the time requirement for filing a responsive pleading merely delayed the normal progress of the case toward resolution. See Weitzel v. Hargrove, 543 So.2d 392 (Fla.3d DCA 1989). Thus, the nonrecord activity which occurred in this case was insufficient to constitute good cause to preclude dismissal.
Based upon the foregoing, we hold that the trial court did not abuse its discretion in dismissing appellant’s complaint for failure to prosecute.
AFFIRMED.
WEBSTER, J., concurs.
ZEHMER, J., dissents.

. Though dismissal was granted without prejudice, reprosecution would be barred by the running of the statute of limitations.