642 So.2d 818 (1994)
Eduardo RUBENSTEIN and Betty Rubenstein, His Wife, Appellants,
v.
IOLAB CORPORATION, Appellee.
No. 93-2293.
District Court of Appeal of Florida, Third District.
September 21, 1994.
*819 Eduardo Rubenstein and Betty Rubenstein, in pro per.
Thornton, David, Murray, Davis, Thornton & Sreenan and Holly S. Harvey and Calvin F. David, Miami, for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
NESBITT, Judge.
Plaintiffs appeal from an order dismissing their products liability action for failure to prosecute. In April 1990, plaintiffs filed their complaint and demand for jury trial. The complaint alleged that in January 1988, after sutures were removed from Mr. Rubenstein's right eye, eye drops were prescribed, which caused the right eye to become infected and seriously damaged. Trial, originally set for April 1992, was continued until June 22, 1992 on plaintiffs' motion. On June 17, 1992, the trial judge again granted the plaintiffs a continuance when he allowed their counsel to withdraw. In the same order, the plaintiffs were required to retain new counsel and file an appearance within twenty days. Notwithstanding that order, this is the last record activity in the file.
Some thirteen months later, on July 19, 1993, the trial court, on its own motion, ordered the dismissal of the action for noncompliance with Florida Rule of Civil Procedure 1.420(e). Thereafter, the Rubensteins' successor counsel filed an appearance and response, attempting to set up good cause for the failure to prosecute. Attached to the response was Mr. Rubenstein's affidavit wherein he stated that he had lost his vision in his right eye and had difficulty reading with his left. The same affidavit showed that in October 1992, some three months following the June 1992 order, Mr. Rubenstein sent the file to a New York law firm which informed him that his claim was meritorious. According to Mr. Rubenstein, the unnamed firm had thereafter neglected or forgotten to take proper action.
At the hearing on the dismissal, Mr. Rubenstein appeared before the trial judge, and testified as to the nature of his vision problem. Further, in response to the judge's questioning, Mr. Rubenstein confirmed that Mrs. Rubenstein was not under any type of disability. Thereafter, the trial judge denied the motion to reinstate, finding that Mr. Rubenstein simply "had difficulty reading," which, standing alone, was insufficient to establish good cause. We affirm the trial court's decision.
As observed in Diaz v. Public Health Trust of Dade County, 492 So.2d 1082, 1084 (Fla. 3rd DCA 1986) disapproved in part and remanded 529 So.2d 682 (Fla. 1988), "apart from recognizing the general principle that illness and physical disability can constitute good cause, the collected decisions furnish little guidance to the court as to the length or severity of illness that must be shown."
*820 The presumption of correctness which ordinarily attaches to the trial court's grant or denial of a motion to dismiss for lack of prosecution, Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA), cert. denied, 353 So.2d 674 (Fla. 1977), appears to conflict with the equally compelling principle that judicial restraint should be practiced in the exercise of the court's inherent power to dismiss an action for want of prosecution, so that the case can be adjudicated on the merits. Waldman v. Frankel, 343 So.2d 1325 (Fla. 3d DCA 1977).
Courts have resolved the conflict by applying the principle which favors the adjudication of a case on its merits to ease the burden on a party appealing an order dismissing an action for failure to prosecute, as compared to the heavier burden which must be carried where an appeal is taken from an order denying a motion to dismiss for failure to prosecute. Nonetheless, this liberality is not without limits.
Not every claim of disability will constitute a showing of good cause. Here, the trial judge, observing Mr. Rubenstein and hearing the plaintiff's own description of his illness, concluded that Mr. Rubenstein had not demonstrated good cause to reinstate the claim. Mr. Rubenstein suffered from the vision problem from the time he initiated the action, and until the dismissal of his suit, his eyesight had not acted as an impediment to his proceeding. Indeed, the eye injury was the basis of the claim. As stated in Davant v. Coachman Properties, Inc., 118 So.2d 844, 845 (Fla. 2nd DCA 1960), "... where it becomes apparent that the affliction will be of protracted duration or perhaps even permanent in nature, the time eventually comes when something must be done. The legislature contemplated such misfortunes as illness, but in the act drew the line at one year, a liberal and reasonable period within which litigants may readjust themselves to almost any kind of calamity."
Further, as outlined by Mr. Rubenstein's own testimony, the failure to prosecute may have been, in good measure, the result of the New York firm's failure to act in a timely fashion. This clearly cannot form the basis a finding of good cause. Railway Exp. Agency, Inc. v. Hoagland, 62 So.2d 756 (Fla. 1952) (no good cause shown by plaintiff's lengthy absence in Europe, necessity for detailed audit before trial, or attorney's inadvertent delay); Edgecumbe v. American General Corp., 613 So.2d 123 (Fla. 1st DCA 1993).
In sum, we find no error in the trial court's determination, and affirm the order under review.