652 So.2d 461 (1995)
Velma LENION, as Legal Guardian for Porcia Claire Stallings, Appellant,
v.
Allyson Claire CALOHAN, Appellee.
No. 94-1714.
District Court of Appeal of Florida, First District.
March 23, 1995.
*462 Paul Richard Parker and Clark Fletcher of Law Offices of Clark Fletcher, Panama City, for appellant.
John N. Boggs, Panama City, for appellee.
BENTON, Judge.
Appellant urges error in the dismissal of her complaint under Florida Rule of Civil Procedure 1.420(e) for failure to prosecute. Although no record activity occurred for some fourteen months next before the filing of the motion to dismiss, the trial court did not determine whether, as plaintiff contended, her then counsel's injury, illness, and hospitalization constituted good cause for the inactivity. We reverse and remand for further proceedings.
In the order of dismissal, the trial judge cited Toney v. Freeman, 600 So.2d 1099 (Fla. 1992), Caldwell v. Mantei, 544 So.2d 252 (Fla. 2d DCA 1989), and Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987). These cases hold that a trial court's status request and the informational responses it elicits do not constitute record activity of the kind necessary to preclude dismissal under Florida Rule of Civil Procedure 1.420(e).
Whether or not such requests and responses are of record, it is necessary to "address the issue of whether good cause was shown for failure to prosecute," Toney, 600 So.2d at 1101, when the issue is properly raised. Caldwell and Norflor addressed contentions that settlement efforts dehors the record constituted good cause for a lack of record activity: In both cases, these contentions were rejected. None of the cited cases speaks to whether counsel's injury or illness may constitute good cause, however.
As far as the trial court was apprised, the only case-related activity during the pertinent period was a letter (which was not of record until introduced at the hearing on the motion to dismiss) from plaintiff's counsel to one of her creditors asking that "steps [be taken by the creditor] ... to contact the other... [lienholders to] work out some sort of compromise plan" for distribution of anticipated settlement proceeds. This solitary missive does not constitute good cause for *463 failing to move the cause forward by taking steps of record. See Wirth v. McGurn, 598 So.2d 238 (Fla. 1st DCA 1992); Caldwell; Norflor.
In response to the motion to dismiss, however, plaintiff's present counsel timely filed an affidavit in opposition alleging that his predecessor had suffered serious, long-term medical problems. The affidavit was executed by plaintiff's former counsel, who has, it is alleged, now that his leg has been amputated, left the practice of law altogether. Among the affidavit's averments were these:
7. I stayed in touch with Mr. Thompson concerning the work out with lien holders and the litigation was effectively on hold pending resolution of the lien work out.
8. In February of 1993, I went into the hospital in Panama City for treatment for an infection in my left leg. My leg had previously been damaged severely in an automobile accident and in February I nearly had to have my leg amputated. I again returned to another hospital in Columbus, Georgia in June of 1993 for complex reconstructive surgery to my left leg. Due to complications, I have undergone two (2) additional major operations since June and further surgery is foreseeable. In effect, I have not been able to practice law since June of 1993, and my doctor has not yet released me to do so. I am presently receiving physical therapy treatment three (3) times per week.
This affidavit has not been controverted. Florida Rule of Civil Procedure 1.420(e) provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
(Emphasis added.) The trial court did not hold an evidentiary hearing, and made no ruling on whether former counsel's medical problems amounted to good cause under Florida Rule of Civil Procedure 1.420(e).
"For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity." American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863, 865 (Fla. 2d DCA 1980). A plaintiff who had difficulty reading at the time he filed a lawsuit did not show good cause for a lack of record activity by proving that his vision problems persisted. Rubenstein v. Iolab Corp., 642 So.2d 818 (Fla. 3d DCA 1994). Counsel's falling ill on the 364th day does not constitute good cause. Grossman v. Segal, 270 So.2d 746 (Fla. 3d DCA 1972).
But a solo practitioner's four-month physical disability in the wake of an automobile accident does, apparently even if the disability abates three months before the year ends. Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980). "Physical disability of a plaintiff or plaintiff's attorney constitutes good cause, justifying a trial court's refusal to dismiss for failure to prosecute under Rule 1.420(e), Florida Rules of Civil Procedure." Schlakman v. Helliwell, Melrose & DeWolf, 519 So.2d 14 (Fla. 3d DCA 1987). See Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla. 3d DCA 1975) and Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977). "The plaintiff's double bypass heart surgery and subsequent period of rehabilitation was a sufficient excuse for failure to prosecute his claim within one year." A & W Elec. of Miami, Inc. v. Abraira, 567 So.2d 36 (Fla. 3d DCA 1990).
The cases do not draw a bright line. "Neither the length nor severity of the illness is stated in Einbinder. In Douglas, the extent of the medical problem of the plaintiff was undetermined and the length of the hospitalization unstated by the plaintiff." Barnes, 386 So.2d at 814 n. 4. "Although the degree of the disability required in order to constitute good cause for the trial court to retain *464 the cause on the court's calendar is unclear, the collective decisions have resolved this question in favor of adjudicating a case on its merits." Schlakman, 519 So.2d at 15.
We conclude plaintiff showed "good cause in writing" here. Where "disputed facts must be resolved ... it is appropriate to remand to the trial court for a fact-finding hearing," Withers v. Flagship Peoples Bank of Tallahassee, 473 So.2d 789, 790-91 (Fla. 1st DCA 1985), but no factual disputes exist on this record. The defendants' counter affidavit does not controvert plaintiff's counsel's injury, illness, or disability. Accordingly, as was done in Bruns v. Jones, 481 So.2d 544, 545 (Fla. 5th DCA 1986), we "remand for further proceedings consistent herewith."
WEBSTER and MICKLE, JJ., concur.