DELL THOMPSON v. SUN OIL COMPANY, a New Jersey corporation.

185 So. 837.

Division B.

Opinion Filed January 3, 1939.

Rehearing Denied February 6, 1939.

*Norris McElya,* for Appellant;

*Evans; Mershon & Sawyer,* for Appellee.

PER CURIAM.—This appeal arises from an order denying appellant a temporary injunction and granting the motion of appellee, Sun Oil Company, to dismisss the bill of complaint at the cost of appellant.

On November 15, 1933, the Sun Oil Company entered into an agreement which, among other things, contained a lease to I. Kurland for the term of one year and thereafter from month to month unless either party should give ten days' notice prior to the end of the term of the termination

or of any extension thereof. The lease also contained a prohibition against the lessee assigning or subletting.

Kurland, occupying under the lease, ran a filling station upon the premises until some time in November, 1936; then he sold out to the appellant, assigned the lease, and left. The appellant did not testify. Her son made the deal for her, and testified that he did it upon the representation to him by Kurland with respect to the lease, that "there was two years more on it." The son further testified that he had read the lease before he made the deal.

The appellant's son also testified that he had told a salesman by the name of Emmett who worked for the appellee that he was figuring on buying the station, but the salesman denied that the son of appellant had made such a statement to him. Kurland, who had absconded with the $850.00 paid by appellant, did not testify.

Appellee, upon finding appellant actually occupying the property and claiming to be a tenant under the lease by reason of the assignment from Kurland, gave appellant the required ten days' notice of the termination of the lease and demanded possession of the premises at the end of the current month.

The bill of complaint was filed by appellant on December 15, 1936, seeking to restrain Sun Oil Company from terminating the lease. On the same date Sun Oil Company was ordered to show cause on January 5, 1937, why a temporary injunction should not be entered enjoining appellee from interfering with the possession of appellant.

On December 24, 1936, appellee instituted its landlord and tenant action in the County Judge's court. The circuit court then entered its order styled "Writ to Preserve Jurisdiction," whereby, without bond, it restrained the appellee from prosecuting its landlord and tenant action until after the hearing upon the order to show cause. The cause came

on for hearing before the court upon the bill, an amendment to the bill, the answer to the bill and to the amendment and a motion to dismiss the bill as amended incorporated in the answer. After the hearing and taking of testimony the court entered its order denying the application for temporary injunction and vacating the order theretofore entered styled "Writ to Preserve Jurisdiction," and granted the motion to dismiss the bill as amended.

There is some conflict in the testimony as to whether the Sun Oil Company knowingly permitted the sale of the business to appellant, but the decree of the circuit court could not have been rendered dismissing the bill of appellant unless the Chancellor found that appellee had no knowledge of the transaction. We cannot say that the conclusion of the Chancellor was clearly erroneous.

The appellant attempted to produce two witnesses to substantiate the testimony of appellant's son concerning his alleged conversation with Emmett, but the lower court refused to admit this testimony. Even if the testimony of these two witnesses would have substantiated the testimony of appellant's son, the knowledge of Emmett concerning the plans of appellant to purchase the station from Kurland would not have been chargeable to appellee. Jacksonville T. & K. W. Ry. Co. v. Peninsular Land etc. Co., 27 Fla. 1, 9 So. 661, 17 L. R. A. 1; 3 C. J. S., Agency, Sec. 264, p. 197; 2 Am. Jur., Agency, Sec. 374, p. 292; Restatement of the Law of Agency, Vo. 1, Sec. 268, p. 593. Emmett was a mere salesman of gas and oil who went to the different stations to take orders for petroleum products. If Emmett had acquired knowledge of the proposal of the appellant to purchase the station it was not knowledge concerning any fact within the duties of Emmett.

Appellant, upon taking an assignment of the lease and entering into possession of the premises under the lease,

became bound by its terms. Her right to occupy the property acquired through the assignment of the lease could rise no higher than the rights of her assignor. As set forth in the lease, one of the provisions in the lease was that either party could terminate the relation on ten days' notice to the other. The bill admits the giving of the notice and a copy of the notice is attached to the answer of appellee.

Appellee found itself with a woman occupying and, through her son, running a filling station and garage property which it had leased to one Kurland. The woman claimed to be a tenant by reason of the assignment to her of the lease to Kurland. Appellee was in no way concerned with what kind of deal the woman had made with Kurland. Not seeing fit to have the appellant occupy the property as tenant, it could either have refused to recognize the assignment of the lease or waive its right to forfeit the lease on account of the assignment and accept the assignee as its tenant. This latter course it saw fit to pursue, and there was certainly nothing inequitable or illegal with its exercising a right which either it or the appellant had under the lease, that is, the right of termination of the lease, upon giving ten days' notice.

It is clear from the foregoing statements that the appellee had an absolute right to the possession of the premises on December 15, 1936. The sole purpose of the bill was to enjoin proceedings in the County Judge's Court. It therefore presented no ground for equitable relief.

The record fails to show that Sun Oil Company had any knowledge of the representations of Kurland or any knowledge of the transaction entered into by Kurland and appellant. It also fails to show that the Sun Oil Company was, in fact, the true owner or "in control" of the filling station involved herein. Therefore, the authorities cited by appellant are not controlling. The motion to dismiss con-

tained in the answer of appellee was properly granted, and the order appealed from is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.