97 So.2d 267 (1957)
Frank J. WAGNER and Marie C. Wagner, his wife, Appellants,
v.
William L. RICE, Appellees.
Supreme Court of Florida.
December 4, 1957.
*268 Philip G. Nourse, Fort Pierce, for appellants.
Sumner & Sumner, Fort Pierce, for appellee.
THORNAL, Justice.
Appellants Wagner, who were plaintiffs below, seek reversal of a final judgment in favor of appellee Rice, defendant below, in a proceeding brought by appellants, as lessors, to recover damages for breach of a lease agreement by appellee, as lessee.
The determining points are whether the appellants, who were the lessors, were entitled to recover a double rent penalty under Section 83.06, Florida Statutes, F.S.A. and if not, the extent of their right of recovery, if any.
Under date of January 7, 1952, appellants Wagner, as lessors, and appellee Rice, as lessee, entered into a lease agreement which contained, among other provisions, the following:
"The lessee will guarantee that the annual rent for the use of the said packing house and property shall not be less than Two Thousand Five Hundred ($2,500.00) Dollars, the said annual guarantee of $2,500.00 to be paid as follows:
"$2,500.00 this day paid, receipt whereof is hereby acknowledged; $2,500.00 on the first day of February, 1953; $2,500.00 on the first day of February, 1954; $2,500.00 on the first day of February, 1955; and $2,500.00 on the first day of February, 1956; of [sic], a total guarantee of Twelve Thousand Five Hundred ($12,500.00) Dollars for the period of this Lease. All rental due under this Lease shall be paid on or before the date that the said annual guarantee is due and payable.
"It is further understood and agreed that should the amount charged for rental under this Lease in any one year be less than the $2,500.00 annual guarantee, then any amount accumulated or paid to the Lessors over the annual guarantee shall apply on the $2,500.00 annual guarantee, is being understood that for the period of this Lease the guarantee shall not exceed Twelve Thousand Five Hundred ($12,500.00) Dollars."
Subject to the above quoted provisions the lessee agreed to pay as rent for the property demised three cents for each thirty-pound lug of tomatoes and five cents for each sixty-pound wirebound or nailed crate of tomatoes packed in the packing house located on the leased property. The lessee paid the $2,500 guarantee due February 1, 1952, and during the 1952 season, based on the rental charge per unit packed, paid a total rental of $5,306.50 which included the base guarantee. On February 1, 1953, the *269 lessee again paid the minimum annual guarantee and for that year paid a total rental on the per unit charge amounting to $5,115.75. It will be noted that for the first two years of the lease the lessee paid total rent amounting to $10,422.25 including the guarantee. On February 1, 1954, the lessee refused to pay the $2,500 guarantee as stipulated in the lease. Thereupon the appellants, as lessors, served appellee with a three-day notice to pay the rent or vacate the premises. Section 83.20, Florida Statutes, F.S.A. When appellee Rice declined to pay the annual guarantee or to vacate the premises, the appellants instituted a proceeding in the county court to recover possession of the premises because of the alleged rent default of the appellee.
A jury trial resulted in a verdict for the appellants Wagner and they finally recovered possession on May 5, 1954, approximately three months after the guarantee payment was due. There was no appeal from the judgment awarding possession to the appellants in the county court. Thereafter appellants instituted this action in the Circuit Court seeking recovery of double the $2,500 guarantee due February 1, 1954, as damages, under Section 83.06, Florida Statutes, F.S.A., because of the alleged refusal of the tenant to surrender possession after default. Appellants also claimed that they were entitled to recover damages for breach of the lease to be measured by double the amount of rental actually paid on the per unit rate during the 1953 season. The matter was tried before the Circuit Judge upon stipulated waiver of a jury and resulted in a judgment in favor of the appellee tenant. Reversal of this judgment is now sought.
It is the contention of the appellants here that the guarantee became due on February 1, 1954; that after default and notice to pay, the tenants wrongfully held possession; that appellants' right to possession was adjudicated in the county court proceeding; and finally that under Section 83.06, Florida Statutes, F.S.A., appellants are now entitled to recover double the amount of rental due as damages for breach of the lease.
It is the position of the appellee that upon retaking possession the appellants-lessors brought the lease to an end and thereby relinquished any right that they might have to recover for the breach. He also contends that the amounts paid in previous years on the per unit basis in excess of the annual guarantee should be credited against the guarantee payment due February 1, 1954, in view of the fact that no tomatoes were packed by appellee in the packing house during 1954, albeit as the result of his own default.
At the outset we can dispose of appellants' contention that they are entitled to recover double the rent due as damages for the alleged wrongful holding over. They base their position on Section 83.06, Florida Statutes, F.S.A., which reads in part as follows:
"When any tenant shall refuse to give up possession of the premises at the end of his lease, the landlord, his agent, attorney or legal representatives, may demand of such tenant double the monthly rent, and may recover the same at the expiration of every month, or in the same proportion for a longer or shorter time by distress, in the manner pointed out hereinafter." (Emphasis ours.)
It appears to be well settled that statutes of the type above quoted are penal in nature and should therefore be strictly construed. They are not to be extended by interpretation beyond the limits of the actual language of the Act. It has also been decided that such expressions as "the end of his lease" have reference to the expiration of a term by the efflux of time rather than upon the declaration of a forfeiture for default. 32 Am.Jur., Landlord and Tenant, Sec. 932, p. 786. Under this interpretation of the statute, which we hold to be the proper one, the appellants-lessors would not be entitled to double the alleged rent due for the reason that the term of the tenancy had *270 not come to an end by the passage of time. The lessors themselves declared the forfeiture and elected to bring the term to an end by the proceeding in the county court. We do not have here a factual situation that could properly motivate an award of the statutory penalty.
We proceed to consider the problem as to whether the appellants-lessors are entitled to recover anything for the alleged breach. It is well settled in this state and elsewhere that upon breach of a lease by the lessee the lessor may elect one of three courses of action. He may treat the lease as terminated and re-take possession exclusively for his own purposes, or he may re-take possession for the account of the tenant, holding the latter responsible in general damages measured by the difference between the stipulated rent and any amount the lessor is able to recover in good faith from his re-letting. As a further alternative the lessor may do nothing at all and sue the lessee as each rent installment matures or for the full amount of the rental due when the term ultimately ends. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346; Hyman v. Cohen, Fla., 73 So.2d 393.
In the case at bar it is obvious that the lessor elected to terminate the lease and resume possession of the premises for his own purposes. It will be recalled that he regained possession on May 5, 1954, some three months after the annual guarantee payment came due. In Williams v. Aeroland Oil Co., supra, we held that under such circumstances the lessor could not recover as damages for breach of the lease the rental that otherwise would have come due during the period subsequent to his resumption of possession. We did hold, however, that the landlord would be entitled to recover the rental that came due during the period between the occurrence of the default and the date that he resumed exclusive possession of the property for his own use. At this point the appellee-lessee contends that he should not be held liable for any rent whatsoever for the reason that he did not pack any tomatoes on the premises subsequent to February 1, 1954, and that under the provisions of the lease quoted in the forepart of this opinion the amount of previously paid rent on a per unit basis in excess of the base annual guarantee should be credited against the guarantee payment due February 1, 1954. Lessee says that when this is done it becomes clear that he owes the lessors nothing at all.
The weakness in the position of the lessee is simply that by the lease agreement the parties stipulated that the rent-paying period was on a year-to-year basis. Each year was a separate rent-paying period subject to the limitation of the ultimate total minimum guarantee. The parties themselves had during the first two years of the lease so construed it. This becomes obvious when we take note of the fact that on the second anniversary date, February 1, 1953, the lessee paid the annual guarantee due despite the fact that during the first year of the term the rent calculated on the per unit packed basis exceeded the guarantee by $2,806.50.
In reading this lease within its four corners and construing it in the light of the construction which the parties themselves have given to it, it is our view that by the very terms of the lease the lessee was required to pay to the lessors the sum of $2,500 on February 1, 1954. As a matter of fact, it was the default in making this payment that resulted in the jury award in the county court giving possession back to the lessors.
We may liken the point to the argument advanced in some cases to the effect that when rent is payable in advance the landlord cannot recover the entire amount of the stipulated advance if he dispossesses the tenant during the period to be covered by the advance. His recovery is limited by these authorities to a pro-ration of the rent to that period during which possession was wrongfully withheld by the tenant. There is a sharp division of the cases on this proposition. 32 Am.Jur., Landlord and *271 Tenant, Sec. 490, p. 400; 52 C.J.S. Landlord and Tenant § 480(e), p. 243, and § 490, p. 264. An examination of the cases cited to support the rule denying to the landlord recovery of the total advance payment otherwise due, will reveal that they are grounded on the correlative proposition that if the rent has already been paid in advance and the landlord properly retakes possession during the time covered by the advance previously paid, then the tenant is entitled to recoup pro tanto that amount of the prepaid rent covering the period following his dispossession. See Cottrell v. Gerson, 371 Ill. 174, 20 N.E.2d 74; Alger v. Kennedy, 49 Vt. 109, 24 Am.Rep. 117. However, in Florida we have held that where a lessee pays rent in advance and the lease is properly terminated by the lessor before the advanced rental payment is consumed by occupancy of the tenant the lessor is not obligated to return to the lessee the amount of the advance rental payment that would otherwise have applied beyond the date of the termination. Casino Amusement Co. v. Ocean Beach Amusement Co., 101 Fla. 59, 133 So. 559. See also Brooks v. Coppedge, 71 Idaho 166, 228 P.2d 248, 27 A.L.R.2d 645.
This Court, by analogy, has therefore aligned itself with those authorities which adhere to the rule that a lawful "eviction is no defense to a claim for accrued rent notwithstanding the rent was payable in advance and the eviction occurred after the day for payment but before the expiration of the period which such payment was to cover." 32 Am.Jur., Landlord and Tenant, Sec. 490, supra; Giles v. Comstock, 4 N.Y. 270, 53 Am.Dec. 374. Under this view the rent comes due on the day stipulated in the lease and default in payment gives rise to the right of action in the landlord. The rent payment date having arrived the subsequent lawful eviction of the tenant does not destroy the landlord's right to recover the amount agreed to be paid and falling due before the eviction. The rule is otherwise when the eviction is unlawful. Livingston v. L'Engle, 27 Fla. 502, 8 So. 728. See Tiffany, Landlord and Tenant, Sec. 182(e).
In view of the position which we here take we find that the lessors were entitled to recover from the lessee the amount of the guarantee payment due under the lease on February 1, 1954, together with interest thereon at the legal rate from the time that the same became due and was not paid.
The judgment will, therefore, have to be reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.