HENDRY, Judge.
The appellants-landlords, appeal a final decree in favor of the appellee-tenant.
This is the second appearance of a phase of the above-captioned litigation in this court. The facts of the case were fully set out in this court’s opinion, in Pappas v. Deringer, Fla.App.1962, 145 So.2d 770. In fact, that decision disposes of several of the points raised by appellants in their brief in the instant case.
In our previous opinion, we held that the provision in the lease forfeiting the security was a penalty. We reversed the trial court for dismissing the complaint, and remanded for the limited purpose of determining the amount, if any, of lessor’s damages.
It therefore follows that the trial judge was without authority to dismiss the complaint upon remand. The law of the case precluded a dismissal of the complaint, inasmuch as, this court had reversed the trial court for previously dismissing the complaint.[1] This court’s act of reversing the trial court’s dismissal of the complaint amounted to a determination of the sufficiency of the complaint on all possible grounds of attack.
*571 We now turn to the only issue which the chancellor had before him, the amount of damage, if any, the landlord suffered by virtue of the tenant’s removal from the property.
, The first assignment of error raised by appellants in regard to their damage was relative to the rental payment of $8,125 due on April 1, 1959, but the appellants had instituted eviction proceedings which resulted in their obtaining possession on April 5, 1959.
The chancellor made the following findings of fact which we will not and may not interfere with:
“By agreement between counsel for the plaintiff and counsel for the defendants, the plaintiff was permitted to remain in possession until April 5, 1959.”
Therefore, the date of the eviction for purposes of determining legal rights was April 1, 1959. The question before us is, how much rent are the appellants entitled to receive ? From the terms of the lease it is obvious that the lease was to run for 5 annual periods beginning on June 6 and ending on June 5 of the following year. It is well-settled that the landlord may only recover the pro rata share of the rent during the period the tenant actually was in possession.[2] The lease was not on a monthly basis, so the argument of appellee that since he was effectively evicted April 1, relieves him of liability for the rent payment of April 1 is untenable. The four rent payments were for the entire year from June to May, and must be so applied on a pro rata basis. The parties clearly did not intend for the tenant to pay rent for four months and occupy the premises for 8 months free. This payment schedule was set up to that the annual rent would be paid during that part of the year when the tenant would have the least difficulty in paying it. The April rent payment was not simply for the month of April, and the chancellor erred in so holding. The tenant was in possession for ten months of the twelve month period and his rent obligation was $27,083.33.[3] Inasmuch as he had only paid $24,375,[4] the chancellor should have awarded appellants $2,708.33 of the $8,125 payment due on April 1, 1959. We will reverse and remand in this regard so that the trial court may amend its final decree accordingly.
Appellants next raise the failure of the chancellor to accord as an item of their damage, the loss of profit which would have been realized if the appellee had fully complied with the terms of the lease. We affirm the trial court’s action in holding that loss of profits, in this case is an unallowable element of damages.
The chancellor made the undis-turbable finding of fact that the landlords took possession of the property for their own benefit, and not the tenant’s.[5] Upon the lessor’s re-taking of possession for his own use, he is no longer entitled to future rent payments unaccrued at the time that the lessor took possession.[6] Inasmuch as, the lessor is not entitled to recover future rentals, the possible loss of profits based thereon is not a proper element of damages,[7] and we affirm the chancellor’s action in regard thereto.
*572 We have considered the other points raised by appellant and determine them to be without merit.
Accordingly, the judgment appealed is affirmed in part, reversed in part and remanded for proceedings consistent herewith.

. Leybourne v. Furlong, Fla.App.1964, 161 So.2d 221; King v. Citizens & Southern Nat. Bank of Atlanta, Ga., Fla.App.1960, 119 So.2d 67.

. Wagner v. Rice, Fla.1957, 07 So.2d 267.

. Tliis figure is arrived at by following the principle laid down in Zaconick v. McKee, 310 F.2d 12 (5th Cir. 1962) wherein the annual rent was divided by 12 to arrive at the pro rata rent. We agree with this method as the only practical solution.

.This includes the $8,125 which he admitted owing as the March, 1959 payment.

. Hyman v. Cohen, Fla.1954, 73 So.2d 393.

. Wagner v. Rice, supra; Hyman v. Cohen, supra; Stenor, Inc. v. Lester, Fla. 1951, 58 So.2d 673; Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346.

. Id.