HENDRY, Judge.
Plaintiffs-appellees owned the fee simple •title to certain vacant land which they leased •to Seymour and Shirley Seldin for a term ■of 99 years at $1,900 per annum, payable •on each October 25 thereafter. The Seldins '.later constructed an apartment building on ’the property. Thereafter the Seldins assigned their interest in the lease to Clara 'Paul, one of the appellants. Clara Paul operated and managed the building with the '.help of her husband, Samuel Paul, for a pe•riod of about two years. On October 25, 1963 the rental of $1,900 for the period 'October 25, 1963 to October 25, 1964 became •due and -was unpaid. The landlord caused ■the Pauls to be evicted on December 17, 1963 by a landlord and tenant action in the •Civil Court of Record.
Thereafter the plaintiffs filed suit against 'Clara Paul and Samuel Paul wherein it was •claimed that the Pauls occupied the premises pursuant to the terms of the lease •agreement entered into by and between the ■plaintiffs and the Seldins, the original lessees; that by acceptance of the assignment thereof and the payment of rent thereunder, they have recognized the plaintiffs as les■sors and the plaintiffs have recognized the ■assignees as lessees under the lease.
The plaintiffs sought as damages, inter ■alia, the entire rental due October 25, 1963 in the sum of $1,900 together with the mort•gage payments due to Biscayne Federal Savings & Loan Association which were •unpaid and were due on October 1, 1963, November 1, 1963 and December 1, 1963. •Claim was also made for unpaid personal property taxes, license fees, water bills and fees for plaintiffs’ counsel, all of which were •obligations under the lease agreement.
Judgment was entered against Clara Paul ••and Samuel Paul for the full amounts claimed above, together with attorney fees of $750 and costs, for a total of $5,355.90. It is from this judgment that defendants appeal.
Appellants take the position that if there is liability to the landlord under the lease then only Clara Paul is liable, and her liability should be limited to the amount due for rent for the period she was in actual possession of the premises.
We can not agree that Clara Paul’s liability is so limited. We do, however, agree that it was error to find that Samuel Paul was liable in any amount to the landlord. He was not an assignee of the lease, and the record does not show sufficient legal or factual basis to support the judgment against him. The judgment as to Samuel Paul is therefore reversed.
Appellant, Clara Paul, was an as-signee of the lease, and was in privity of estate with the lessors. She thereby became liable to them for breach of lessees’ covenants which were annexed to and ran with the leasehold[1] and which were broken while she held the leasehold estate.[2]
We find no merit in appellants’ argument that since the rent payment which fell due on October 25, 1963 was payment for a period of one year in advance, she was entitled to have the amount pro-rated so that the extent of her liability would be limited to the period in which she was actually in possession of the premises.
In Wagner v. Rice, 97 So.2d 267, 271, our Supreme Court said:
“* * * [I]n Florida We have held that where a lessee pays rent in advance and the lease is properly terminated by the lessor before the ad *28 vanced rental payment is consumed by occupancy of the tenant the lessor, is not obligated to return to the lessee the amount of the advance rental payment that would otherwise have applied beyond the date of termination. [Citations omitted.]
“This Court, by analogy, has therefore aligned itself with those authorities which adhere to the rule that a lawful 'eviction is no defense to a claim for accrued rent notwithstanding the rent was payable in advance and the eviction occurred after the day for payment but before the expiration of the period which such payment was to cover.’ [Citations omitted.] Under this view the rent comes due on the day stipulated in the lease and default in payment gives rise to the right of action in the landlord. The rent payment date having arrived the subsequent lawful eviction of the tenant does not destroy the landlord’s right to recover the amount agreed to be paid and falling due before the eviction.”
Appellant’s contention that this case is controlled by Deringer v. Pappas, Fla.App.1964, 164 So.2d 569 is not well taken. In Deringer, supra, this court was dealing with a security deposit, but in this case, the amount due is clearly advance rent.[3] The landlord is only entitled to that amount of security which the tenant has used in the form of rent,[4] but the landlord is entitled to retain advance rent even though it has not been used.[5] If the landlord is under no obligation to return rent paid in advance he is similarly entitled to recover that amount of advance rent which was due from the tenant, but not used or paid. A security deposit represents a fund from which the landlord may obtain payment for damages caused by the tenant during his occupancy. An advance rental is a contractual promise, by the tenant, to pay for the rent to be used in the future, and to be obligated to make this payment whether he actually uses the property for that period of time or not.
For the reasons stated, we affirm the judgment against Clara Paul and reverse the judgment entered against Samuel Paid.
Affirmed in part, reversed in part.

. Article X (O) of the original lease states:
“The obligations assumed hereunder by the respective sides * * * are all covenants running with the land and they shall pass successively, upon the occasion of each transfer or assignment of interest, unto the transferee or as-signee ; * * * ”

. Thompson v. Sun Oil Co., 135 Fla. 731, 185 So. 837 (1939); Whitney v. Leighton, 225 Minn. 1, 30 N.W.2d 329 (1947); 32 Am.Jur., Landlord and Tenant, § 370.

.See Zaconick v. McKee, 310 F.2d 12 (5th Cir. 1962).

.Stenor, Inc. v. Lester, FIa.1951, 58 So. 2d 673.

.Wagner v. Rice, supra.