# GOTTLEIB v. O'DONNELL
## Case No. 83-107 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

January 4, 1983

### APPEARANCES OF COUNSEL

**Malcolm B. Wiseheart** for appellant.

**Carol O'Donnell,** pro se.

Before MOORE, NEWMAN AND SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

We are asked to review a final judgment entered by the County Court which judgment granted possession of certain leased premises to the landlord, Appellant herein, and awarded damages of $425.00 to the tenant, the Appellee. A review of the record reveals that the judgment is inconsistent with the findings of fact and the applicable law.

Appellant initiated the action by filing a Complaint for Removal of Tenant for non-payment of rent. A copy of the statutorily required three-day notice was attached to the Complaint. Appellee responded by mailing a letter to the Court explaining that she was not working and would pay once she had the funds. No rent pendente lite was paid into the Court Registry.

139

After trial, the Judge made certain clear findings of fact. He found the parties had a valid Lease Agreement entered into on or about December 1, 1982. Further, the tenant had deposited advance rent of $325.00 and a security deposit of $100.00 with the landlord. In addition, the tenant failed to pay rent for the month of February 1983 when due, and a proper three-day notice had been served. Lastly, the Court found the tenant was currently indebted to the landlord in the sum of $650.00 representing rent for the months of February and March 1983. It was based on these facts that the Final Judgment was entered.

Appellant contends he was entitled to possession, rent in the sum of $650.00 and retention of the advance rent of $325.00. We agree with these contentions.

There was no basis in fact or law to award damages of $425.00 to the tenant. The record reflects the tenant left the premises on or about March 18, 1983, after not having paid rent from February 1, 1983 onward. The award of damages to the tenant was in addition to free living from February 1, 1983, through the departure date, which is in conflict with the lower Court's findings of fact. The tenant's termination of tenancy was wrongful, which allowed the landlord to retain the advance rent. *Paul v. Kanter,* 172 So.2d 26 (Fla. 3rd DCA 1965). No setoff was claimed by the tenant nor was one due under the facts.

Pursuant to Section 83.625, Fla.Stat., the lower Court should have awarded possession to the landlord and based upon the Court's findings, awarded the sum of $650.00 also.

Accordingly, we affirm the award of possession to the landlord but reverse the award of damages to the tenant. In addition we remand this case to the lower Court with instructions to enter judgment in favor of the landlord in the sum of $650.00 less the $100.00 security deposit which has apparently been retained by the landlord. The writ of execution entered on April 11, 1983, is vacated.

It is so Ordered.