# R.J.S. ENTERPRISES, INC. v. FLORIDA MEAT & SEAFOOD, INC.

## Case No. CO84-6293

County Court, Orange County

January 29, 1985

**APPEARANCES OF COUNSEL**

**William Fernandez** for plaintiff.

**Ronald N. Jones** pro se.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came to be heard before this Court on plaintiff's motion for default against the corporate defendant Florida Meat and Seafood, Inc. and Ronald Jones, individually. The only answer filed in the case was signed by Ronald Jones, who is not an attorney. Therefore the court grants plaintiff's motion for default against Florida Meat and Seafood, Inc. *Quinn v. Orlando Housing Authority*, 385 So.2d 1167 (Fla. 5th DCA 1980); *Nicholson v. First Federal Savings of Hardee County*, 184 So.2d 438 (Fla. 2d DCA 1966), but denies the default against Ronald Jones since he may proceed pro se.

■■■■■■■■■■■■■■

The plaintiff has also filed a motion for a judgment on the pleadings. Since there are no facts in dispute as to this case, the court's ruling on plaintiff's motion will be dispositive of the case.

## FACTS

The defendant rented a building from the plaintiff in August, 1984 at a rent of $6,300.00 per month plus last month's rent of $6,300.00. Rent for September, October and November was paid but the defendant did not pay rent for December. On December 5, 1984, the landlord served the tenant with a 3 day notice to pay rent or vacate (plaintiff's exhibit 3). On the very next day the defendant was served with a Notice to Quit the premises as of January 1, 1985 (plaintiff's exhibit 2). Both parties agree that the defendant vacated the premises by January 1, 1985.

The issue before this court is whether the $6,300.00 deposited in August by the defendant as last month's rent may be applied to December's rent. Plaintiff asserts that the money is forfeited and cannot be credited against December's rent. *Householder v. Black*, 52 So.2d 50 (Fla. 1952); *Paul v. Kantor*, 172 So.2d 26 (Fla. 3rd DCA 1965). However, these cases are distinguishable from the case at bar:

1. Plaintiff by terminating defendant's lease on December 6, 1984 made December the last month of defendant's lease.

2. The cases cited by the plaintiff stand for the proposition that if the defendant had paid his last month's rent for a time certain (say December 1988), and voluntarily left the premises in December of 1984, the tenant would have paid the December 1988 rent which could not be applied to the December 1984 rent. However, this does not apply to the case at bar because:

a. Defendant vacated because plaintiff rightfully or wrongfully terminated the lease in December, 1984.

b. The $6,300.00 posted by the defendant in August, 1984 was for the last month's rent but that last month was never specified.

The plaintiff cannot on the one hand terminate defendant's lease, and require the defendant to leave by December 31st and then claim it was not the defendant's last month. The court therefore rules the plaintiff has been paid December's rent, that rent being the $6,300.00 posted by the defendant in August, 1984.

It is therefore ORDERED AND ADJUDGED that plaintiff take nothing from defendant.