## STILES v. LEMONGELLO
### Case No. CO84-6206
County Court, Orange County

February 7, 1985

### APPEARANCES OF COUNSEL

Plaintiff and defendant pro se.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came to be heard before this court at a trial on January 28, 1985. The landlord evicted the tenant and now seeks money damages from the tenant for back rent and damages to the premises.

### *ISSUE*

The only issue in dispute is whether a landlord who obtained possession of the premises on January 3, 1985 is entitled to rent for the entire month of January or is limited to rent up through January 3, 1985.

1. The landlord and tenant signed a written lease for 1 year commencing October 1, 1984 and expiring September 30, 1985.

2. Tenant was unable to pay rent for December so the landlord served the tenant with a 3 day notice to pay rent or vacate on December 3, 1984.

3. The landlord filed his complaint for eviction on December 14, 1984.

4. The clerk entered her default on December 27, 1984 because the defendant failed to answer and a final judgment for possession was entered on December 28, 1984.

5. The writ of possession was issued December 28, 1984 by the clerk.

6. The sheriff posted a notice to vacate January 2, 1985 requiring the tenant to vacate January 3, 1985.

7. The tenant admits he vacated the premises January 3, 1985 and the landlord physically retook possession the same day.

### FINDINGS OF LAW

Florida law is clear that if a landlord brings legal proceedings to evict a tenant, such eviction terminates the lease in which case the landlord forfeits any future rent. *Wagner v. Rice*, 97 So.2d 267 (Fla. 1957); *Geiger Mutual Agency, Inc. v. Wright*, 233 So.2d 444 (Fla. 4th DCA 1970); *Derringer v. Pappas*, 164 So.2d 569 (Fla. 3rd DCA 1964). However, it is not totally clear whether the time of forfeiture is when the 3 day notice to pay rent or vacate expires, when the landlord physically regains possession or some time in between.

In the case of *Wagner v. Rice*, 970 So.2d 267 (Fla. 1957), the landlord and tenant on January 7, 1952 entered into a 5 year written lease requiring the tenant to pay $2,500.00 annually on or before February 1. In February, 1954 the tenant did not pay rent and at some time after February 1st the landlord served on the tenant a 3 day notice to pay rent or vacate. The landlord regained possession on May 5, 1954. The Florida Supreme Court ruled the landlord would be entitled to a full year's rent since the eviction occurred *after* the rent was due. The court stated at page 271

"In *William v. Aeroland Oil Co.*, 20 So.2d 346 (Fla. 1944) we held . . . the lessor could not recover as damages for breach of the lease the rental that would otherwise come due during the period subsequent to his resumption of the premises. We did hold, however, that the landlord would be entitled to recover the rental that came due

30

during the period between the occurrence of the default and the date that he resumed *exclusive possession* of the property for his own use." (emphasis added)

The court went on to say at p. 271

"This court by analogy has therefore aligned itself with those authorities which adhere to the rule that a lawful "eviction" is no defense to a claim for accrued rent notwithstanding the rent was payable in advance and the eviction occurred after the day of payment, but before the expiration of the period which such payment was to cover."

It should be noted that pursuant to Florida Statute 83.46(1)[1] and paragraph 3 of the lease the entire month's rent became due and payable on the 1st day of each month.

However, in a case decided after *Wagner*, supra, the 3rd DCA apparently decided to pro-rate the rent up to the time the tenant vacated. *Derringer v. Pappas*, 164 So.2d 569 (Fla. 3rd DCA 1964).

This court frankly is unable to resolve the conflict between these two cases. Since the Florida Supreme Court decision is of greater binding precedent the court rules that the landlord is entitled to all rent that became due and owing at the time he regained possession. In the case at bar, the landlord (Jeff Stiles) is entitled to rent for the entire month of January even though the tenant vacated January 3, 1985 or $163.00[2] plus court costs of $99.00 for which let execution issue.

---

[1] It should be noted that if there was an oral lease the rent would be apportionable day by day and the court might have reached a different result—Florida Statute 83.46(1).

[2] The actual rent due on January 1, 1985 was $450.00 but both parties agreed that because of credits for deposits the amount owed was at most $163.00.