ERVIN, J.
This is an appeal from a final judgment in a mortgage foreclosure suit in which the lower court awarded $95,000 in attorney’s fees to the mortgagee, Kimberly Keeton Spence, personal representative of the estate of Ronald G. Keeton, against RJ & RK, Inc., the mortgagor, pursuant to a contractual provision in the promissory note authorizing fees to the lender in any proceeding to enforce the obligation. We reverse the fee award, because the conduct of the mortgagee that resulted in the denial of her right to accelerate the note and mortgage also warranted the denial of fees.
Ronald Keeton was the sole stockholder of Keeton Correctional Institutions, Inc. (KCI), which operated halfway houses on properties owned by RJ & RK. KCI paid a monthly rental to RJ & RK for the use of the property in Duval County, Florida, for such purpose, and the parties agreed that the rents would be used to fund a note and mortgage taken out on the properties by RJ & RK.[1] The note and mortgage were assigned to Keeton’s estate upon his death.[2] After Spence, as personal representative, had directed a number of the rental payments to be paid by KCI on behalf of RJ & RK toward the mortgage obligation, Spence ceased making them once negotiations with RJ & RK to reduce the rent failed. The mortgage went into default and Spence, on behalf of the estate, commenced suit against RJ & RK to foreclose the mortgage.
*644 Recognizing the unique financial arrangement between the parties, the lower court denied Spence the right to accelerate the note and mortgage, because Spence was responsible for stopping payments on the note and mortgage. Nevertheless, the court awarded Spence $666,367.56, the remaining balance on the mortgage,[3] directed that the mortgage be canceled, and declared Spence the prevailing party, thereby entitling her to an award of attorney’s fees.
Spence defends the fee determination, contending that she is the prevailing party because she prevailed on the significant issues before the court. See Moritz v. Hoyt Enters., 604 So.2d 807 (Fla.1992). Under the circumstances present in this appeal, we consider that the “significant issues” theory is immaterial to Spence’s entitlement to fees. The contractual obligation under which Spence seeks fees does not condition such award on whether she prevailed, but permits the same simply as a means of enforcing or collecting the obligation. See, e.g., B & H Constr. & Supply Co. v. Dist. Bd. of Trustees of Tallahassee Cmty. Coll., Fla., 542 So.2d 382, 387 (Fla. 1st DCA 1989).
It is true that Spence was successful in collecting damages under the note and mortgage; nevertheless, her triumph in such regard does not automatically entitle her to a fee award. Courts generally have no discretion to decline enforcement of a contractual provision authorizing an allowance of attorney’s fees. See Baker Protective Servs. v. FP, Inc., 659 So.2d 1120 (Fla. 3d DCA 1995). A recognized exception to the rule, however, occurs in situations in which conduct on the part of the mortgagee bars acceleration and foreclosure of the mortgage. See Jobert-Ken-dall, Inc. v. Kendall Commercial Assoc., 491 So.2d 1301 (Fla. 3d DCA 1986); Fed. Home Loan Mortgage Corp. v. Taylor, 318 So.2d 203 (Fla. 1st DCA 1975). In the case at bar, it was the conduct of Spence, the mortgagee, by no longer applying rental payments toward the satisfaction of the mortgage obligation, which caused the note and mortgage to be defaulted — conduct that the court below correctly found disallowed Spence from her right to acceleration. Accordingly, the award of attorney’s fees is
REVERSED.
BARFIELD and ALLEN, JJ., CONCUR.

. The monthly rental amounts were the same as the payments on the note and mortgage.

. This court affirmed the validity of the assignment in Parziale v. First Union National Bank of Florida, 837 So.2d 970 (Fla. 1st DCA 2003).

. In a separate judgment, the court found that RJ & RK was entitled to $784,634.45 in unpaid rents from KCI, from which the court offset the $666,367.56 awarded as damages in the instant foreclosure action, before the additional deduction of attorney’s fees and costs.