858 So.2d 349 (2003)
KEETON CORRECTIONS, INC., d/b/a Jacksonville Minimum Security Substance Abuse Facility, Appellant,
v.
RJ & RK, INC., a corporation and Kimberly Keeton Spence, as Personal Representative of the Estate of Ronald G. Keeton, Appellees.
No. 1D02-4491.
District Court of Appeal of Florida, First District.
October 30, 2003.
*350 Larry A. Bodiford of Hutto and Bodiford, Panama City, for Appellant.
Lawrence C. Rolfe of Rolfe & Lobello, P.A., Jacksonville, for Appellee RJ & RK, Inc.
No appearance for Appellee Kimberly Keeton Spence.
PADOVANO, J.
This is an appeal from a final order awarding double rent as a penalty for occupying real property beyond the term of a commercial lease. We agree with the trial court that the double rent provision in section 83.06, Florida Statutes (2000), applies to a tenancy at will and that it is not limited to a written lease with a fixed expiration date as the tenant contends. Therefore, we affirm.
The tenant, Keeton Corrections Inc., operated a halfway house in Jacksonville on property owned by its landlord, RJ & RK Corporation. When the tenancy was created, both corporations were owned by members of the same family and they entered into the transaction without the benefit of a written lease. The parties simply agreed that the tenant would pay the landlord's monthly mortgage obligation on the property and this payment would be treated as rent.
*351 By the time of the present controversy, the stock in the two corporations had passed down to members of different families. After the change in ownership, the arrangement continued with the tenant making the monthly payments. The parties were negotiating a change in the amount of the rent in October 2000, and when the negotiations broke down, the tenant stopped making rent payments altogether.[1]
In a letter dated October 14, 2000, the landlord notified the tenant that the lease was terminated and informed the tenant that it would have to vacate the property before November 1, 2000. The letter also stated that if the tenant refused to move out by the date of the termination, the landlord would seek double rent under the provisions of section 83.06, Florida Statutes. The tenant continued to occupy the premises, which prompted the landlord to file a complaint for eviction and damages.
The case was presented in a bench trial and the landlord prevailed. The trial judge directed the clerk of the court to issue a writ of possession and awarded the landlord $18,389.87 in damages for the monthly rent due for October 2000. Additionally, the trial judge awarded the landlord double rent in the amount of $36,779.74 for each month the tenant held over in possession after November 1, 2000, the date the tenancy expired. The tenant then appealed.
Here, as in the trial court, the tenant contends that the double rent provision applies only to a lessee who remains in possession after the expiration of a written lease defining the duration of a tenancy. It does not apply to a month-to-month lease, the tenant argues, because such a lease has no fixed expiration date. We reject this argument. As we read the pertinent statutes, a tenant who remains in possession after the expiration of a tenancy at will is in no better position than a tenant who refuses to honor the terms of a written lease.
Section 83.01, Florida Statutes (2000), states that a lease shall be deemed to create a tenancy at will unless it is in writing and signed by the lessor. According to this statute, the duration of an oral lease is determined by the period of time in which rent is payable. "If payable monthly, then [the lease is] from month to month." § 83.01, Fla. Stat. (2000); see also Sill v. Smith, 177 So.2d 265, 267 (Fla. 2d DCA 1965). It follows that an oral agreement to occupy property and to pay rent in return qualifies as a "lease," and that an oral lease has a specific expiration date, even though it might not be known at the time the tenancy is created.
The expiration date of a tenancy at will is known with certainty as soon as the landlord gives proper notice of termination. Section 83.03(3), Florida Statutes (2000), provides that a month-to-month tenancy may be terminated by giving not less than fifteen days' notice prior to the end of any monthly period. In the present case, the notice of termination was given more than fifteen days before the end of October 2000, so the lease expired by operation of law on October 31, 2000, and the tenant was required to surrender the premises by the end of that day.
Section 83.06, Florida Statutes, provides that a tenant holding over beyond the expiration of a lease is liable for double rent:
Right to demand double rent upon refusal to deliver possession *352 (1) When any tenant refuses to give up possession of the premises at the end of the tenant's lease, the landlord, the landlord's agent, attorney, or legal representatives, may demand of such tenant double the monthly rent, and may recover the same at the expiration of every month, or in the same proportion for a longer or shorter time by distress, in the manner pointed out hereinafter.
§ 83.06, Fla. Stat. (2000) (emphasis added). Contrary to the tenant's argument, the statute makes no distinction between a lease that expires by its terms and a lease that expires by operation of law. In either case, the lease has come to an end.
It is true that the double rent provision of the statute does not apply if the lease is terminated before it expires. A landlord who declares a breach of the lease might consider the lease to be terminated at that point, but the tenant is not liable for double rent merely by remaining in possession if the lease has not yet come to an end. As the supreme court explained in Wagner v. Rice, 97 So.2d 267 (Fla.1957), the double rent provision in section 83.06 applies only if the lease has expired by the passage of time. This limitation is one that is imposed by the terms of the statute, and it makes good sense. A tenant should be able to contest the issue of possession without suffering a penalty. In contrast, if the lease has expired, the tenant has no arguable right to remain in possession.
In the present case, the tenant failed to surrender the property after the lease had come to an end. The lease was not in writing, but we find nothing in the language of section 83.06 to suggest that the double rent provision is limited to written leases. The plain language of the statute compels us to conclude that the double rent provision applies to a tenant holding over after the expiration of a tenancy at will. This conclusion is supported by the holding in Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126, 128 (Fla. 3d DCA 1975). There, the court affirmed an award of double rent against a tenant holding over after the end of a month-to-month tenancy. The court did not address the argument presented here, but it is implicit in the court's decision that the double rent provision applies to an oral lease.
For these reasons, we conclude that the trial court correctly applied the applicable provisions of the landlord and tenant statute. The tenant held over in possession after the end of the lease and was therefore liable for double rent.
Affirmed.
DAVIS, J., CONCURS. KAHN, J., DISSENTS WITH OPINION.
KAHN, J., dissenting.
I find myself persuaded by appellant's view of this case. I therefore dissent from the majority opinion.
The tenancy in this case was by unwritten lease with rent payable monthly. Accordingly, as all parties agree, occupancy of the leasehold was a month-to-month tenancy at will. See § 83.01, Fla. Stat. The lease created by such a tenancy at will, however, is not a monthly lease. Instead, as this court has noted in the context of the statute of frauds, such a lease "continues in effect for more than a year." Mangum v. Susser, 764 So.2d 653, 655 (Fla. 1st DCA 2000).
As stated by the majority, section 83.06, Florida Statutes, entitles a landlord to collect a penal sum in the form of double rent from "any tenant (who) refuses to give up possession of the premises at the end of the tenant's lease...." § 83.06(1), Fla. Stat. My point of disagreement with the majority is simply that I do not deem that the statutory threshold for double rent has *353 been crossed in the present case. The statute is undoubtedly penal in nature and must be strictly construed. See Wagner v. Rice, 97 So.2d 267, 269 (Fla.1957). The statute uses the phrase "at the end of the tenant's lease." The supreme court has construed such a phrase as having "reference to the expiration of a term by the efflux of time rather than upon the declaration of a forfeiture for default." Id. In this case, the landlord acted within its rights to declare the tenancy at an end, and therefore, did not rely upon a default. Nevertheless, I believe that before the penal statute is applied, a court must find that a lease has expired by its own terms, rather than by the unilateral, although quite legal, designation of either the tenant or the landlord.
The penal statute we consider here appears to be intended to assist the landlord in ridding itself of a recalcitrant hold-over commercial tenant. I conclude that such a purpose is not legitimately served by applying the double-rent statute to a monthly tenancy at will, and even less so to a weekly tenancy at will. The parties to a tenancy for a term of years will know well in advance when the lease is set to expire and can govern themselves accordingly. The parties to a tenancy at will lack the advantage of knowing ahead of time that the tenancy is set to expire because either party may validly terminate the tenancy by fifteen-day's notice for a monthly period, or seven-day's notice for a weekly period. See § 83.03(3), (4), Fla. Stat.
I would follow the supreme court's ruling in Wagner and hold that double rents are due only after the expiration of a previously determined term, rather than upon the declaration of the landlord, even where such declaration is completely legal. I disagree with the holding of the Third District in Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla. 3d DCA 1975).
NOTES
[1] This also resulted in a mortgage foreclosure action. See RJ & RK, Inc. v. Spence, 855 So.2d 642 (Fla. 1st DCA 2003).