WARNER, J.
A landlord appeals the trial court’s final judgment in which it found that the tenant was entitled to the return of what the court found to be advance rent on a theory of unjust enrichment, because the rent was not held in a segregated account pursuant to section 83.49(1), Florida Statutes. The court also denied the landlord’s claim that it was entitled to enforce the tenant’s obligation to pay utilities through the remainder of the lease term, finding only that the landlord was entitled to a small sum for repairs due to damage caused by the tenant. Because the lease term was one year, with rent payable in one lump sum, we conclude that the rent was not “advance rent” within the meaning of the statute, and unjust enrichment does not apply where an express contract exists. Thus, the court erred in awarding the tenant a return of the remaining rent. Because the court found that the landlord had properly terminated the lease, taking back the property for his own account, the court did not err in refusing to award the landlord the utilities payments made during the remainder of the lease term.
Appellant, Atlantis Estate Acquisitions, the landlord, owned residential rental property which it rented to the DePierros, the appellees and tenants. The tenants negotiated for a year lease term with a decrease in rent from the landlord’s asking rental price of $7,000 per month. Instead, the landlord agreed to accept $66,000 for the rent for the entire year, if the tenants paid it in one lump sum. Paragraph 4 of the lease provided: “Tenant shall pay total rent in the amount of $66,000 (excluding *891 taxes) for the Lease Term. The rent shall be payable by Tenant in advance ... in full on 3/10/08 in the amount of $66,000.” (Emphasis added).
Paragraph 5 of the lease (which was a form lease) provided:
MONEY DUE PRIOR TO OCCUPANCY. Tenant shall ■ pay the sum of $72,000 in accordance with this Paragraph prior to occupying the Premises. Tenant shall not be' entitled to move in or to keys to the Premises until all money due prior to occupancy has been paid. If no date is specified below, then funds shall be due prior to the tenant occupancy....
Fii’st 0 month’s.rent * * * $ 5,500 due 3/10/08
Advance rent for.11 months * * ⅜ $60,500 due 3/10/08
Security deposit $ 5,500 due 3/10/08
Other Pet Deposit $ 500 due 3/10/08
When the tenants signed the lease they paid to the landlord a total of $72,000, which consisted of the $66,000 rental amount plus the security and pet deposits.
After the tenants moved into the property in March with their two teenage sons, the landlord testified that he received complaints. Police were called to the property, and after being informed of a July 4th party, the landlord had his agents inspected the property. They found significant damage to the interior.
The landlord sent the tenants a notice of termination of tenancy, indicating he was terminating the lease immediately. The notice directed the tenants to vacate the premises within seven days for intentionally destroying, damaging and misusing the premises in violation of the lease and section 83.52(6), Florida Statutes. The tenants moved out but claimed that they repaired the property before they left.
When the tenants demanded a return of the rent money, the landlord refused. The tenants then sued the landlord. In their second amended complaint against the landlord, count I sought a return of the security deposit and advance rent under section 83.49. The tenants contended that section 83.49(3)[1] required the landlord to give notice of the landlord’s intent to assert a claim against the security deposit within 15 days of the tenants vacating the *892 premises, or the landlord would forfeit its right to it. Count I also alleged that the landlord had failed to notify the tenant of the manner in which.the security deposit was being held during the term of the lease and did not segregate the monies held either for rent or for security deposits in a separate account, in violation of section 83.49. Count II sought a return of the advance rent alleging that the landlord breached the lease by failing to return the advance rent. The tenant sought $44,000 in the unused portion of the lease together with the $6,000 security deposit. The tenants also sought attorney’s fees.
The landlord filed an answer, affirmative defenses, and a counterclaim for breach of the lease. As to the claim for return of the unused rental monies, it contended that the rent amount of $66,000 was not advance rent but was a single payment of rent due for a single year-long rental period. The landlord contended that it did not violate section 83.49(2) by failing to segregate and hold the monies in an interest bearing account. In its counterclaim, it sought damages for breach of the lease.
After a trial on the matter, the court ruled that the $66,000 rental payment was advance rent, within the meaning of section 83.43(9), which had not been segregated in an account, and that the landlord did not post a bond to secure the advance rent for the tenant in accordance with the provisions of section 83.49(1). The court determined that the landlord would be unjustly enriched if it were permitted to keep the remaining rental monies in the amount of $38,500. It found that the landlord had violated the notice requirements of section 83.49(3) with respect to the security and pet deposits and awarded the tenant the amount of those deposits plus interest thereon. With respect to the landlord’s counterclaim, the court found that the landlord had properly terminated the lease agreement and was not in breach of the lease agreement. The court accepted that the tenants had made repairs to the property, and the landlord suffered relatively little damage as a result of the tenants’ breach of the lease. It awarded the landlord $3,524.15 in damages. It did not award the landlord the utilities payments for the premises after the tenants vacated.
The court entered final judgment awarding the tenants $6,000 for the security deposit and pet fee and $38,500 for the unused portion of the rent, plus interest on these sums. The court found that the landlord prevailed on the claim for breach of the lease and found the value of the damage remaining after the tenant made repairs was $3,524.15. The court awarded the landlord a setoff of that amount against the amount the court awarded the tenants. It reserved jurisdiction over attorney’s fees. The landlord now appeals.
In its first issue on appeal, the landlord argues that it was entitled to the utilities payments as part of its damages. The trial court found, however, that the landlord had terminated the lease. Under the lease, the landlord was entitled to seek remedies pursuant to the Landlord and Tenant Act. Section 83.595, Florida Statutes, provides the choice of remedies available to the landlord upon a breach by the tenant where the tenant has surrendered possession, including options to: 1) treat the lease as terminated and retake possession; 2) retake possession for the account of the tenant, holding the tenant liable for the difference between the rental stipulated to be paid under the lease and the amount the landlord is able to recover from reletting the property; and, 3) stand and do nothing, holding the lessee liable for the rent as it comes due. Termination under the first option also ends any further liability of the tenant under the rental agreement. The trial court found that the *893 landlord properly terminated the lease, thus invoking the first remedy. The court’s conclusion is supported by the evidence and argument. After discovering the damage to the property, the landlord posted a Notice of Termination of Tenancy, pursuant to section 88.56(2), stating that the lease was being terminated immediately and directing the tenants to remove themselves within seven days. Although the landlord claims that it was exercising the second option, it did not make the tenant aware that it would hold the tenant liable for continuing obligations under the lease. It did not make any .demands for payment on the tenant until it filed its counterclaim in this lawsuit. At no point in the trial did the landlord argue that it was retaking possession for the account of the tenant. As the trial court’s determination that the landlord terminated the agreement was supported by competent, substantial evidence, we affirm the trial court’s denial of the utility payments which came due after termination of the lease.
The trial court awarded $38,500 in rent to the tenants as unjust enrichment, because it determined that the rent was advance rent which should have been segregated by the landlord from the landlord’s other monies. We disagree that the $66,000 rental payment constituted advance rent under the Landlord and Tenant Act. Section 83.48(9) defines “advance rent” as “moneys paid to the landlord to be applied to future rent payment periods, but does not include rent paid in advance for a current rent payment period.” Section 83.49(1) requires that the landlord hold advance rent in segregated accounts “[wjhenever money is deposited or advanced by a tenant on a rental agreement ... as advance rent for other than the next immediate rental period .... ” (Emphasis supplied).
In this case, the lease provided for a rental period of one year, with the entire $66,000 due at the beginning of the rental period. This was supported by unrebutted testimony that the parties negotiated for a year’s rental with a single payment rental for a reduced amount, not eleven installments. The rental payment period is yearly. See § 83.46(2), Fla. Stat. Therefore, the $66,000 was not being held for a future rental period but was paid for the current year’s rental. It did not constitute advance rent within the meaning of the Landlord and Tenant Act. See § 83.43(9), Fla. Stab Because it was not advance rent, the landlord did not have an obligation under section 83.49(1) to segregate the rental payment or to post a bond to secure the tenants’ rent payment.
In any case, even if this were advance rent, the landlord argues that it still would have been entitled to retain the unused portion of the money which the tenants paid. We agree. In Florida, if a lessee pays rent in advance and the lease is properly terminated by the lessor, then the lessor is not required to return the advance rental payment, citing Wagner v. Rice, 97 So.2d 267 (Fla.1957), which holds:
[Wjhere a lessee pays rent in advance and the lease is properly terminated by the lessor before the advanced rental payment is consumed by occupancy of the tenant the lessor is not obligated to return to the lessee the amount of the advance rental payment that would otherwise have applied beyond the date of the termination.
Id. at 271 (citations omitted). The landlord was entitled to keep the full amount of the rental payments based upon this well settled law.
Further, the court erred in using unjust enrichment to return the money to the tenants. Unjust enrichment cannot apply where an express contract exists which allows the recovery. See Diamond “S” Dev. Corp. v. Mercantile Bank, 989 *894 So.2d 696, 697 (Fla. 1st DCA 2008) (“Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.”); Moynet v. Courtois, 8 So.3d 377, 379 (Fla. 3d DCA 2009) (same). The failure to hold the rental payment in escrow for the tenant was neither required by statute, nor a ground for claiming unjust enrichment.
Because we conclude that the trial court should not have awarded the return of the rental payment to the tenants as unjust enrichment, we reverse the final judgment for entry of a new judgment in accordance with this opinion by eliminating recovery of the rental amounts by the tenants. The court should also reduce the interest awarded in the final judgment accordingly. Because of our ruling on the appeal issues, we affirm on the tenant’s claims of entitlement to attorney’s fees raised in their cross-appeal as well as the other issues raised by the landlord.
CIKLIN and LEVINE, JJ., concur.

. Section 83.49(3)(a), Florida Statutes, provides:
Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant’s last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:
This is a notice of my intention to impose a claim for damages in the amount of _ upon your security deposit, due to_It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord’s address).
If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the security deposit.