# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2898
Lower Tribunal No. 12-22426
_____

**Brenda Williams, et al.,**
Appellants,

vs.

**Marye Johnson, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Law Offices of Robin Bresky, Daniel S. Weinger and Robin Bresky (Boca Raton), for appellants.

Legal Services of Greater Miami, Inc., Jacqueline C. Ledón and Anna-Bo Emmanuel, for appellees.

Before EMAS, LOGUE and LINDSEY, JJ.

PER CURIAM.

Appellants Brenda Williams and Epiphany Community Development Corp. appeal from the trial court's entry of judgment in accordance with appellees' motion for directed verdict in favor of appellees, Marye Johnson and Comprehensive Outreach Programs, Inc. Upon our de novo review, we hold that the trial court properly granted appellees' motion and entered judgment in their favor. Appellants sought damages on a theory of unjust enrichment. However, given the existence of an express contract covering the same subject matter, "claims arising out of that contractual relationship will not support a claim for unjust enrichment." Moynet v. Courtois, 8 So. 3d 377, 379 (Fla. 3d DCA 2009), disapproved of on other grounds, Bank of New York Mellon v. Condo. Ass'n of La Mer Estates, Inc., 175 So. 3d 282 (Fla. 2015). See also Braham v. Branch Banking and Trust Co., 170 So. 3d 844 (Fla. 5th DCA 2015) (citing Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696 (Fla. 1st DCA 2008) for the proposition that plaintiff could not pursue unjust enrichment claim where express contract existed concerning the same subject matter); Atlantis Estate Acquisitions, Inc., v. DePierro, 125 So. 3d 889 (Fla. 4th DCA 2013); Kovtan v. Frederiksen, 449 So. 2d 1 (Fla. 2d DCA 1984).

Affirmed.